## Commonwealth v. Hunsinger, Appellant.

*Criminal law—Intoxiating liquors—Manufacture and possession of—Evidence—Sufficiency.*

A search warrant for intoxicating liquors is properly issued which contains an averment that the affiant has probable cause to believe, and has just and reasonable grounds for believing, that intoxicating. liquor is being unlawfully manufactured, sold, etc., on the premises; and which further states that he has been informed by credible witnesses that they have bought from the defendant intoxicating liquors at the place described.

An affiant in such case is not restricted to violations within his own knowledge, nor is he bound to set forth the names of the witnesses or the details as to what they would testify. Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists.

The search warrants should not be drawn in such general terms as to authorize the search of many buildings, without locating them or many different kind of vehicles, without regard to where they are situated.

When a valid exercise of the police power renders possession of the property by the accused unlawful, and provides that it may be taken and forfeited to the Commonwealth, it ought not to be returned to the defendant, and the court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence came into the possession of the officers of the Commonwealth. If a wrong was done the owner, his remedy is in a different forum.

Argued November 16, 1926. Appeal No. 173, October T., 1926, by defendant from judgment of Q. S. Bradford County, February Sessions, 1926, No. 49, in the case of Commonwealth of Pennsylvania v. S. L. Hunsinger. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for unlawful manufacture and possession of intoxicating liquors. Before CULVER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were in discharging rule to suppress evidence, other rulings on evidence, and the sentence of the court.

*J. Roy Lilley,* and with him *William P. Wilson,* for appellant.

*David J. Fanning,* District Attorney, for appellee.

OPINION BY PORTER, P. J., December 10, 1926:

The defendant was convicted in the court below upon an indictment charging the unlawful manufacture and possession of intoxicating liquor for beverage purposes. The defendant, having been arrested and given bail to answer the charge, presented a petition to the court below averring that certain property, consisting of 2 ten-gallon stills, one coil and 25 gallons of moonshine whiskey, which was in the hands of the officers of the Commonwealth, had been seized by the state police officers in his private dwelling under a search warrant which was illegal, for the reason that at the time of making the complaint for the search warrant, the officer who made the complaint and those associated with him were not acquainted with the defendant, did not know where his dwelling was, had made no observation of the same and had no knowledge of the character of the persons frequenting said premises; that all the information which these officers had was hearsay and came to them from persons with whom they were not acquainted and of whose credibility they had no knowledge; and that the making of the complaint for the search warrant, the issuing of the search warrant and its execution were in violation of the constitutional rights of the defendant. The petition prayed that the evidence

obtained by the use of the alleged unlawful search warrant be suppressed; and that the officers making the said search be enjoined from making any use whatever of the information which they obtained by virtue of the unlawful search.   The court granted a rule to show cause why the prayer of the petitioner should not be granted, to which rule the district attorney filed an answer stating that he did not know whether the officer who made the complaint had personal knowledge of the facts in the complaint stated, and averred that the allegation of defendant's petition was immaterial upon the inquiry as to whether the defendant was entitled to have the evidence suppressed.   The court after a hearing discharged the rule, which action is the subject of the first assignment of error.   Upon the trial the Commonwealth offered to prove that the property, consisting of the stills and the whiskey, was found in the possession of the defendant in his dwelling; an objection by the deifendant to this offer upon the ground that the search and seizure was under an illegal warrant was overruled and the evidence admitted, which ruling is the foundation of the second assignment of error.

The officer who made the sworn complaint upon which the search warrant issued had in the complaint stated: "that there is probable cause to believe, and that he has just and reasonable grounds for believing, and does believe, etc.," but the affiant did not rest with the mere statement above referred to, but set forth: "That he has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place above described and from his own observation he is satisfied that there is probable cause to believe that the premises are being used as above set forth, etc."   We held, in an opinion by our brother KELLER, Commonwealth v. Schwartz, 82 Pa. Superior Ct. 374, that this was a sufficient compli-

ance with the provision of the statute requiring that the complaint shall set forth probable cause. We there said: "The affiant is not restricted to violations of law within his own knowledge nor is he bound to set forth the names of witnesses or the details as to what they would testify. Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the justice issuing the search warrant is the authority to be satisfied that probable cause exists." Whether search and seizure is or is not unreasonable must be determined from the facts in each particular case. It appears from the evidence in this and three other cases, which were argued at the same time, that a practice has been introduced in the county of Bradford of having complaints of this character made upon printed or typewritten blanks, which in the printed or typewritten matter, set forth nearly all the material averments of the complaint, to which the officer making the complaint is expected to swear. This is a practice not to be commended and has in this case resulted in a description of the place to be searched which renders the legality of the complaint and the search warrant certainly subject to question. The things to be searched for, the intoxicating liquor and the stills and other appliances for the manufacture of intoxicating liquor, were properly described, but the place or places, the search of which the warrant purported to authorize, were thus stated: "that certain place, room, house, building, boat, vehicle, structure, receptacle, premises, suitcase, automobile, wagon, truck, buggy, ....... occupied by and in the possession of S. L. Hunsinger as a private dwelling, store, ......and used in whole or in part for business purpose, to wit: a store, shop, saloon, restaurant, hotel, boarding-house, warehouse, public garage situated in the (there was a blank here) of Towanda, County and State aforesaid." This warrant was entirely too general in form, it failed to definitely state what places,

buildings, vehicles or things were to be searched. It may be that cases may arise in which it is impossible to accurately describe the place, building or vehicle which is to be searched, but the warrant should not be drawn in such general terms as to authorize the search of many buildings, without locating them or many different kinds of vehicles, without regard to where they may be situated.

Irrespective of the legality of the search warrant, the goods seized were contraband and forfeited to the Commonwealth, and the defendant, as against the Commonwealth, could have no property in them, or right to their possession and use in violation of law. The Act concerning alcoholic liquors, approved March 27, 1923, P. L. 34, is a valid exercise of the police power. That statute absolutely prohibited the possession by the defendant of the moonshine whiskey and the still and other implements, through the instrumentality of which it was manufactured. When a valid exercise of the police power renders possession of the property by the accused unlawful and provides that it may be taken and forfeited to the Commonwealth, it ought not to be returned to the defendant, and the court will not suspend the conduct of a trial to enter into a collateral inquiry as to the means through which the evidence came into the possession of the officers of the Commonwealth. If a wrong was done the owner, his remedy is in a different forum: Commonwealth v. Vigliotti, 75 Pa. Superior Ct. 378; Commonwealth v. Rubin, 82 Pa. Superior Ct. 315; Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369. The fact that a still and other apparatus for the manufacture of liquor was seized was sufficient, of itself, to rebut any allegation that the possession thereof by the defendant was lawful: Commonwealth v. Scanlon, 84 Pa. Superior Ct. 573. The questions presented by this

appeal have been so fully discussed in the cases above cited that it is not necessary that we should restate the principles and review the authorities upon which those decisions were based. The **assignments of error are** overruled.

The judgment is affirmed and the record remitted to the court below; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.