Miguel **FLORES**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15931.

United States Court of Appeals
Fifth Circuit.

June 15, 1956.

James DeAnda, Corpus Christi, Tex.,
for appellant.

Malcolm R. Wilkey, U. S. Atty., Houston, Tex., Brian S. Odem, Asst. U. S.
Atty., Brownsville, Tex., for appellee.

Before HUTCHESON, Chief Judge,
and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a judgment and sentence on a verdict of guilty of violating
the Marihuana Act, Sections 2590(a)
and 2593(a), Title 26 U.S.C., presents a
single question for our decision. This is
whether the marihuana obtained from
appellant was obtained as the result of
an unreasonable search and seizure.

The matter came up below on defendant's motion to suppress the evidence, and the district judge, after a hearing, filed a memorandum, setting out fully and fairly the relevant evidence [1] and concluding that, under the applicable authorities, particularly Kelly v. United States, 5 Cir., 197 F.2d 162, the search was not unreasonable. So concluding, he quashed the motion and received the evidence.

 Upon an examination of the record and the briefs, we are of the clear opinion that he was right in so deciding. In Cannon v. United States, 5 Cir., 158 F. 2d 952, 953, and in numerous cases following,[2] including Kelly v. United States, supra, this court has made it clear that the guarantee of "the right of the people to be secure against unreasonable searches and seizures" does not forbid all searches and seizures but only those that are unlawful because not based upon probable cause, that is upon reasonable grounds, or upon a warrant where warrant is required, and that in a search of automobiles a warrant is rarely, if ever, required. Each case must depend upon its own facts and in each case it must be determined whether the information in the hands of the searching officer was sufficient to justify a reasonable person in believing that he had probable cause to search.

 The Supreme Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, and in many others has given vigorous support to the same doctrine: that whether a search or seizure is unreasonable is always a judicial question, determinable from a consideration of the circumstanc-

es involved; and that what is a reasonable search is not to be determined by any fixed formula but is to be resolved according to the facts in each case.

No error appearing, the judgment is affirmed.

1. This included the receipt by the border patrolmen of prior information that the defendant had been involved in smuggling narcotics and that if the officers watched out for him, they might be able to catch him, and suspicious circumstances attending the falling of a small brown sack or package from the car to the ground when defendant got out of it, defendant's throwing it back into the car, stating it was his lunch, the opening of the automobile door and the falling out of the package a second time, and defendant's actions thereupon.

2. Carter v. United States, 5 Cir., 231 F. 2d 232, at page 236, and cases cited.