## Commonwealth ex rel. Bollinger, Appellant, *v.* Myers.

Submitted October 9, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Lloyd Bollinger, Jr.,* appellant, in propria persona.

*Richard M. Martin,* Assistant District Attorney, and *William C. Storb,* District Attorney, for appellee.

OPINION BY GUNTHER, J., January 21, 1958:
This is an appeal by the relator, Lloyd Bollinger, Jr., from the refusal of the court below to grant a writ of habeas corpus.  Upon a plea of guilty to charges of arson at Nos. 147, 148, 149 and 150 September Sessions, 1955, relator was sentenced consecutively to a term of not less than five nor more than ten years in the Eastern State Penitentiary on each indictment, or a total of not less than twenty nor more than forty years.

On October 26, 1955, relator was taken into custody by the Pennsylvania State Police for the purpose of investigation concerning several fires of incendiary origin. On October 27, 1955, he signed a detailed statement involving himself in connection with these fires of incendiary origin, and on October 28, 1955, formal charges were filed against relator. Prior to November 4, 1955, relator advised the district attorney of Lancaster County of his intention to enter pleas of guilty to all charges and on November 4, 1955, he did enter his pleas of guilty at the above numbers.

During March of 1956, relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Lancaster County, and on March 22, 1956, a rule to show cause was granted returnable April 5, 1956. On March 22, 1956, counsel was appointed for him. Relator appeared with his counsel, testimony was taken and thereafter the rule was discharged. At the hearing, the only issue pressed was the alleged failure to advise him of his right to appointment of counsel and the failure to appoint counsel for him. On this appeal, the same question is urged upon us as contended for in the court below. While not specifically raised, relator alludes to the illegality of his original arrest and the fact that alleged confessions were obtained from him illegally. In passing over these matters, it is only necessary to point out that illegality of arrest and the admissibility of evidence allegedly obtained by illegal means are not grounds for the issuance of a writ of habeas corpus after conviction. *Commonwealth ex rel. Koffel v. Myers,* 184 Pa. Superior Ct. 270, 133 A. 2d 570. Since pleas of guilty have been entered, evidence normally used to obtain a conviction is not in issue nor can such matter be raised by way of habeas corpus.

In all cases, other than capital cases, the burden is on the relator to show that for want or benefit of counsel, an ingredient of unfairness resulted in his confinement. No such evidence was produced in the course of this hearing. The testimony disclosed that his wife visited him in jail prior to sentence and he did not ask her to obtain counsel for him. Furthermore, when he appeared in court, the testimony shows that he knew he was pleading guilty and he did not then request the appointment of or consultation with counsel. At the time pleas of guilty were entered, relator was twenty-three years of age, had available funds for employing counsel and had previous experience concerning the procedure upon entry of a plea of guilty. In view of the fact that this question has been considered on many occasions by this Court, any extended discussion would serve no useful purpose. See *Commonwealth ex rel. Hendrickson v. Myers,* 182 Pa. Superior Ct. 169, 126 A. 2d 485; *Commonwealth ex rel. Hallman v. Tees,* 179 Pa. Superior Ct. 490, 118 A. 2d 273.

The order of the court below is affirmed.