## Commonwealth ex rel. Sickler, Appellant, *v.* Myers.

Submitted March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Ellsworth J. Sickler,* appellant, in propria persona.

*Thomas J. Foley,* Assistant District Attorney, and *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 18, 1958:

On March 8, 1958, Ellsworth J. Sickler, an inmate of the Eastern State Penitentiary, petitioned the Court of Common Pleas of Lackawanna County for a writ of habeas corpus. The petition was dismissed by Judge EAGEN without hearing, and Sickler has appealed.

The record discloses that appellant participated in a series of burglaries in Scranton and Clarks Summit. He was arrested on January 11, 1952, at which time he was identified by one of his accomplices. On the same day appellant himself identified another participant. On January 12, 1952, appellant made a voluntary confession. On January 14, 1952, he was arraigned before a magistrate, admitted his guilt, and was held for court. On January 29, 1952, appellant entered a plea of guilty to four district attorney's bills of indictment, Nos. 14, 15, 17, and 19, February Term, 1952. On February 8, 1952, he was sentenced on bills Nos. 14, 15, and 19, to a total minimum of 18 years and a total maximum of 60 years. On bill No. 17, sentence was "deferred indefinitely".

In his brief appellant advances four contentions as follows: "I. Did the judge of the lower court err in failing to grant appellant's petition for writ of habeas corpus on the ground of violations of due process of law under the constitutions of the United States and Pennsylvania, based on the lack of a waiver of his rights to counsel. II. Did the judge of the lower court err in failing to grant appellant's petition for writ of habeas corpus on the ground of violations of due process of law under the constitutions of the United States and Pennsylvania, based on being held in a woman's detention cell without being booked, and without being arraigned to show probable cause, and with women guards sitting at his cell door, and coerced to sign a confession before given a hearing for over one hundred

hours later. III. Did the judge of the lower court err in failing to grant appellant's petition for writ of habeas corpus on the ground of violations of due process of law under the constitutions of the United States and Pennsylvania, based on police violation of the County Removal Act of May 2nd. 1899 P. L. 173, also on violation of the Act of February 18, 1785, 275 Section 112. P.S. IV. Did the judge of the lower court err in failing to grant appellant's petition for writ of habeas corpus on the ground of violations of due process of law under the constitutions of the United States and Pennsylvania, based on the misreading of appellant's record in violation of his constitutional rights".

We deem it unnecessary to burden this opinion by discussing appellant's contentions separately and at length. The record of the proceedings at the time of appellant's pleas and sentences covers twenty-three printed pages. Appellant readily admitted his participation in the crimes of which he was accused, and gave intimate details of their planning and execution. His past record disclosed a large number of prior offenses over a period of almost forty years. His guilt was completely demonstrated, as well as his former experiences with crime and the processes of the law. He displayed an intelligent comprehension of the nature of the proceedings, and the ingredients of unfairness or coercion are entirely absent. See *Commonwealth ex rel. Martin v. Baldi,* 174 Pa. Superior Ct. 111, 100 A. 2d 142; *Commonwealth ex rel. Johnson v. Burke,* 174 Pa. Superior Ct. 119, 100 A. 2d 125. Appellant's complaints with regard to his arrest, detention, and "misreading" of his past record have no merit and, in any event, would not be grounds for habeas corpus after conviction: *Commonwealth ex rel. Bollinger v. Myers,* 185 Pa. Superior Ct. 160, 137 A. 2d 843; *Commonwealth ex rel. Koffel v. Myers,* 184 Pa. Superior

**544**

Ct. 270, 133 A. 2d 570; *Commonwealth ex rel. Hendrickson v. Myers,* 182 Pa. Superior Ct. 169, 126 A. 2d 485.

Order affirmed.