## Commonwealth ex rel. Miller, Appellant, *v.* Myers.

Submitted September 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Howard S. Miller,* appellant, in propria persona.

No argument was made nor brief submitted for appellee.

OPINION PER CURIAM, November 14, 1958:

This is an appeal from an order of the Honorable CLINTON BUDD PALMER, Judge of the Court of Common Pleas of Northampton County, discharging a rule and denying a petition for a writ of habeas corpus. On January 21, 1958 the court below filed an opinion denying relator's petition for a writ of habeas corpus. An examination of the record relative to that petition reveals that relator was indicted for the crime of forgery and counterfeiting a bank check. At his trial in the court of oyer and terminer he was represented by experienced counsel of his own choosing.

In September and November 1956 the case was twice continued at the request of relator's counsel because a material witness was unavailable. The case was finally called for trial on February 11, 1957, before Judge PALMER and a jury. At that time relator's counsel made no request for a continuance of the trial nor was any statement made to the court indicating the unavailability of any witness. The evidence presented by the Commonwealth showed that relator filled out a check of the Guaranty Trust Company in the sum of $800.00, making it payable to Helen M. Weber, a woman with whom relator had been living, marked "Inheritance" and signed "E. Leithiser Ex. Attorney." He also typed a memorandum addressed to Helen M. Weber and purportedly signed by the attorney

Leithiser, stating: "Dear Miss Weber: Inclosed you will find a check made payable to you for the amount of $800.00. This amount being due to you in a probated will, as left to you by your mother, and the late Mrs. Mildred M. Weber." The check and memorandum were mailed by relator from New York City to Helen M. Weber and she cashed the check in good faith at the Easton Trust Company and gave relator $690.00 of the proceeds.

The defense called as its first witness Mrs. Joan Thompson, who testified that on May 1, 1956 she had been a housekeeper for a Mr. Frank Leonard in New York City and that she saw Mr. Leonard sign the check in question, using the name "E. Leithiser." She also stated that Leonard died on October 22, 1956 and that before his death he gave her two signed confessions. She also testified that she first met relator about two weeks prior to the trial. An investigation of this witness made during the course of the trial revealed that all of Mrs. Thompson's testimony was perjured and she signed a confession admitting that she was actually the relator's wife and had given the perjured testimony because relator had asked her to do so. When the relator was confronted by his wife's confession, his counsel advised the court that the relator had changed his plea to guilty. The relator admitted that he had "cooked up" the entire story.

In his first petition for a writ of habeas corpus, relator alleged four trial errors. We have examined them and they are without substance. His change of plea from not guilty to guilty was made while he was represented by qualified counsel of his own choosing and we are convinced that it was not forced or coerced in any way. Because of his ultimate plea of guilty, the alleged trial errors, even if they were legally sustainable, are of no importance.

568

On May 2, 1958 the court below filed an opinion discharging a rule and denying a second petition for a writ of habeas corpus. In addition to the trial errors alleged in the first petition, relator alleged that he had been arrested without a warrant. Forgery is a felony for which a police officer, or even a private citizen, may arrest without a warrant: *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 445, 71 A. 2d 799.

Order affirmed.