## Commonwealth ex. rel. Sickler v. Myers

*Ellsworth Sickler*, relator, p.p.

*Thomas Foley*, Assistant District Attorney, and *Carlon M. O'Malley*, District Attorney, for Commonwealth.

HOBAN, P. J., November 20, 1959.—Relator, Ellsworth Sickler, a prisoner in the State penitentiary at Graterford, brings this petition and asks for a hearing to test the legality of his sentence. Sickler is currently serving a combined sentence of 18 to 60 years in the State correctional system, the sentence consisting of three of 6 to 20 years each, to be served consecutively. The sentences were imposed for a series of burglaries which took place in Lackawanna County.

This is apparently the second application for a writ of habeas corpus made by this prisoner. On a previous application a writ was refused without hearing and on appeal the Superior Court sustained the action of this court in dismissing the petition. See Commonwealth ex rel. Sickler v. Myers, 188 Pa. Superior Ct. 541 (1959). The history of Sickler's past troubles, his pleas of guilty to the offenses for which

he is now undergoing sentence and his past record are all contained in the opinion of the Superior Court in Commonwealth ex rel. Sickler v. Myers, supra.

The current petition was filed in forma pauperis September 2, 1959. The District Attorney of Lackawanna County has filed an answer, and we are of the opinion that no hearing is necessary and that the petition should be dismissed.

So far as petitioner's argument is understandable, it seems to be based on the theory that the indictments to which he pleaded guilty are for the crimes of breaking and entering and forcible entry with intent to commit felonies within the premises, whereas by inadvertence or because of deception he pleaded guilty to crimes known as "burglary." The most charitable thing we can say about this petition is that relator is deceiving himself. His argument seems to be based on the notion that the word "burglary" means breaking and entering in the nighttime and, therefore, he pleaded guilty to a crime which was not charged in the indictment and according to his method of reasoning he should now be entitled to be discharged.

The only trouble with his position is that section 901 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4901, says that: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary, a felony". . . . Whether burglary as defined in common law or as considered initially in the Criminal Code of March 31, 1860, P. L. 382, meant breaking and entering in the *nighttime* or not, The Penal Code of 1939 definitely marks the action of breaking and entering for a felonious purpose as "burglary".

As pointed out in Commonwealth ex rel. Sickler v. Myers, supra, relator, when he entered his plea, gave a full and detailed explanation of the criminal actions in which he engaged, knew that he was to be punished

and was under no delusion at all about the fact that he was pleading guilty to serious crimes.

His current position is captious. There is no necessity for a hearing on this petition as on the facts averred in relator's own argument, his position is untenable.

Now, November 20, 1959, the petition of relator, Ellsworth Sickler, for the issuance of a writ of habeas corpus to test the legality of his detention in the State correctional system is dismissed, and a writ of habeas corpus refused.

Now, November 20, 1959, exception noted for relator, Ellsworth Sickler.