## Commonwealth ex rel. Peiffer, Appellant, *v.* Banmiller.

Submitted September 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Russell A. Peiffer,* appellant, in propria persona.

*Robert Sullivan,* Assistant District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 16, 1960:

This appeal is from the refusal of the Court of Common Pleas of Lebanon County to issue a writ of habeas corpus. The appellant, Russell A. Peiffer,[1] is serving a total of 6 to 12 years in the State Correctional Institution at Philadelphia on sentences imposed in Lebanon County on five charges of burglary and one of armed robbery. He was also sentenced in Lancaster and Cumberland Counties for offenses committed in those counties.

The police arrested Peiffer in his home where they found him with a revolver on his person. They entered his kitchen with drawn revolvers after he had opened the door. The police also searched his home and found stolen property there. They had no warrant when they entered the house, but purportedly received permission to search the house from the appellant's wife after he was taken into custody. Peiffer signed a confession at the police station that night and pleaded guilty before a justice of the peace to at least some of the offenses the following morning. Subsequently, he entered pleas of guilty and waived presentation of the indictments to the grand jury. He was represented by court appointed counsel at the time of his sentence.

After he filed his petition for a writ of habeas corpus, he was again represented by court appointed counsel who argued his case before the court below.

---

[1] See *Peiffer Petition,* 193 Pa. Superior Ct. 476, 166 A. 2d 325, asking for transfer of Peiffer to Lebanon County Jail in which case we filed an opinion this day.

The petition, which in Peiffer's language presents "a host of . . . contentions," complains about nearly everything that happened to him from the moment of his arrest to the present time. It would be useless to attempt to relate the rambling charges and contentions.

We have examined the record and find no indication that the appellant's rights were violated. Furthermore, the questions he attempted to raise here, concerning his arrest and the sufficiency and regularity of the proceedings prior to the entry of his plea of guilty, are not properly raised by this writ of habeas corpus. A complaint of an arrest without a warrant, or of a house search without a warrant, or of irregularities prior to a plea of guilty in open court is not reviewable by way of habeas corpus after sentence. *Commonwealth ex rel. Romano v. Banmiller,* 397 Pa. 606, 156 A. 2d 825 (1959) ; *Commonwealth ex rel. Garrison v. Burke,* 378 Pa. 344, 349, 106 A. 2d 587 (1954) ; *Commonwealth ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 124 A. 2d 163 (1956) ; *Commonwealth ex rel. Bollinger v. Myers,* 185 Pa. Superior Ct. 160, 137 A. 2d 843 (1958).

Order affirmed.