## Commonwealth ex rel. Marshall, Appellant, *v.* Maroney.

Submitted April 11, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Ernest Marshall,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney,
and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 13, 1962:

Relator was indicted in the Court of Quarter Ses-
sions of Allegheny County, No. 181, September Ses-
sions, 1959, on a charge of possession of, and dealing in,
narcotics. Being represented by counsel, relator en-
tered a plea of guilty to the indictment and was sen-
tenced on November 2, 1959, to a term of not less than
two and one-half years nor more than five years in the
Western State Penitentiary.[1] His petition for writ of
habeas corpus filed in the court below was dismissed,
without hearing, on January 10, 1962, by Judge VAN
DER VOORT. Relator has appealed.

---

[1] Now State Correctional Institution at Pittsburgh. Act of Oc-
tober 22, 1959, P. L. 1356.

On appeal relator objects to an alleged illegal search and seizure of narcotics found in his possession. Since a plea of guilty had been entered, evidence normally used to obtain a conviction is not in issue, nor can such matter, under these circumstances, be raised by habeas corpus. *Com. ex rel. Bollinger v. Myers,* 185 Pa. Superior Ct. 160, 162, 137 A. 2d 843; *Com. ex rel. Sickler v. Myers,* 188 Pa. Superior Ct. 541, 543, 149 A. 2d 178; *Com. ex rel. Peiffer v. Banmiller,* 193 Pa. Superior Ct. 480, 166 A. 2d 324. The guilty plea obviated the necessity of a trial; hence, no question of a trial or conviction based on illegal evidence obtained through a possibly unreasonable search and seizure arises or is involved. The statement of the Supreme Court of the United States, in an analogous situation, in *Townsend v. Burke,* 334 U. S. 736, 738, 68 S. Ct. 1252, 92 L. Ed. 1690, 1692, applies equally here: "In this present case no confession was used because the plea of guilty in open court dispensed with proof of the crime." See *Com. ex rel. Roberts v. Keenan,* 170 Pa. Superior Ct. 282, 289, 85 A. 2d 678. Cf. *Com. ex rel. Miller v. Myers,* 187 Pa. Superior Ct. 565, 567, 146 A. 2d 145.

The order is affirmed.