Commonwealth *v.* Czajkowski, Appellant.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alvin D. Capozzi,* with him *Capozzi & Apple,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 14, 1962:

Defendant has appealed from a conviction and sentence on a charge of burglary. The conviction rested in part on circumstantial evidence which showed that defendant's car was observed at the scene of the crime.

Furthermore, paint chips and burglary tools were found by the police in defendant's car parked in front of the police station following defendant's arrest. At the trial on June 7, 1961, defendant moved to exclude such evidence for the reason that it was allegedly obtained under circumstances amounting to an unreasonable search and seizure. The court below refused to exclude the evidence, and subsequently overruled defendant's motions for new trial and in arrest of judgment based on such grounds. On appeal defendant raises the single question that the conviction, based on illegally obtained evidence, cannot be sustained under the decision in *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, handed down on June 19, 1961.

Appellant made no preliminary motion. He first objected to the evidence allegedly obtained through an unreasonable search and seizure when offered by the Commonwealth at the trial. The decision in *Mapp v. Ohio,* supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, holds only that evidence obtained as the result of an unreasonable search and seizure cannot be used as the basis for conviction in a state court. The *Mapp* case does not purport to prescribe the procedure by which the legality of evidence obtained through search and seizure can be raised. The Supreme Court of the United States has expressly stated it is incumbent upon the states to establish their own procedure in civil and criminal matters consistent with due process. "The Constitution commands the States to assure fair judgment. Procedural details for securing fairness it leaves to the States." *Carter v. Illinois,* 329 U. S. 173, 175, 67 S. Ct. 216, 91 L. Ed. 172, 175. See *Kariher's Petition (No. 1),* 284 Pa. 455, 470, 131 A. 265; *Eiffert v. Pennsylvania Central Brewing Company,* 141 Pa. Superior Ct. 543, 549, 15 A. 2d 723.

It is clear that objection to evidence allegedly illegal as having been obtained through an unreasonable

search and seizure should be made promptly. The practice under Rule 41(e) of the Federal Rules of Criminal Procedure is reviewed by Mr. Justice FRANKFURTER in the recent case of *DiBella v. United States,* 369 U. S. 121, 82 S. Ct. 654, 7 L. Ed. 2d 614 (March 19, 1962). The gist of the federal practice appears to be that the motion to suppress evidence allegedly obtained illegally through an unreasonable search and seizure should be made prior to trial unless defendant was not aware of the grounds for the motion.[1] It is unnecessary to decide at this time the procedural point of whether defendant's objection to the questioned evidence was timely and proper as we agree with the court below that the search and seizure involved were not unreasonable, and that the evidence objected to on this ground was not inadmissible.

Whether a search and seizure were, or were not, unreasonable, must be determined from the circumstances in each particular case. *Com. v. Hunsinger,* 89 Pa. Superior Ct. 238, 241; *Com. v. Dugan,* 143 Pa. Superior Ct. 383, 386, 18 A. 2d 84; *United States v. Rabinowitz,* 339 U.S. 56, 63, 70 S. Ct. 430, 94 L. Ed. 653; *Com. v. Richards,* 198 Pa. Superior Ct. 39, 180 A. 2d 430. The undisputed evidence produced at the trial by the Commonwealth established the following facts: Albert's Department Store on Route 8, Shaler Township, Allegheny County, was burglarized on Saturday night, January 9, or early Sunday morning, January 10, 1960, and about $1,150 in cash and miscellaneous items were stolen. A police officer patrolling the vicinity observed a green Oldsmobile in a peculiar position on the parking lot of a tavern located about 100 yards south of the department store. The Oldsmobile was empty and parked at the curb facing the highway some distance from the tavern. This was about 12:30 a.m. Return-

---

[1] Cf. *Application of Bogish,* 69 N. J. Super. 146, 173 A. 2d 906, 909.

ing about 3 a.m., the officer noticed the same car parked in the same position with a man in it. As he passed northward, the officer saw the car lights being flashed on and off. Turning around, the officer then saw two men in the Oldsmobile as he passed it about two minutes later. Thereafter, the Oldsmobile was observed leaving the lot and moving northward to a point opposite the department store and stopping parallel with its parking lot when, as the officer again passed, he saw three men in the car. From the license number observed by the officer, it was determined that the Oldsmobile was registered in the name of appellant. Subsequently, on Monday, January 11, 1960, appellant was apprehended and, accompanied by an officer, drove his automobile to the police station where he was placed under arrest. While appellant was being questioned the police examined his car which was parked outside the police station. Material from the car floor and seat was identified at trial by experts as pieces of firewall and an inner plate of the safe which had been opened during the burglary. Other incriminating evidence was found in the car. Eleven screwdrivers and two chisels were also found in the car, together with paint chips on one screwdriver identified as coming from a small safe involved in the burglary. The above evidence was admitted over appellant's objection.

An officer may arrest without a warrant where he has probable cause and reasonable grounds to suspect defendant has committed a felony. *Com. ex rel. Bandi v. Ashe,* 367 Pa. 234, 238, 80 A. 2d 62; *Com. ex rel. Miller v. Myers,* 187 Pa. Superior Ct. 565, 568, 146 A. 2d 145; *Draper v. United States,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327. Under the circumstances observed by the police, including the presence of appellant's car at the scene and time of the robbery, the officers clearly had probable cause and reasonable grounds to arrest appellant without a warrant.

A search incident to a lawful arrest is reasonable within the meaning of the constitutional mandate. *United States v. Rabinowitz,* supra, 339 U. S. 56, 60, 70 S. Ct. 430, 94 L. Ed. 653; *Draper v. United States,* supra, 358 U. S. 307, 314, and cases cited footnote 6, 79 S. Ct. 329, 3 L. Ed. 2d 327. An officer making a valid arrest may search the prisoner's car and take from it any articles which were the fruits or facilities of the crime. *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 445, 71 A. 2d 799; *Com. ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 140, 100 A. 2d 122. An automobile as a vehicle of transport which moves about readily is in a distinct category on the question of a reasonable search and seizure. Search of an automobile without a warrant is lawful where probable cause exists, and where the facts and circumstances would lead a reasonably prudent person to conclude that the law is being violated. *Carroll v. United States,* 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A.L.R. 790; 79 C.J.S., Searches and Seizures, §66, p. 837.

In the instant case, where the people in appellant's car and their actions were observed at the time and place the burglary occurred, the police had probable cause and reasonable grounds to arrest appellant and search his car. Appellant contends that the police had opportunity to obtain a search warrant. We think that the search of the car at the police station turned upon its reasonableness and propriety under the circumstances rather than upon the practicability of procuring a search warrant. The evidence objected to was not obtained as the result of an unreasonable search and seizure. Cf. *Com. v. Richards,* 198 Pa. Superior Ct. 39, 182 A. 2d 291; *Com. v. Bosurgi,* 198 Pa. Superior Ct. 47, 182 A. 2d 295. The court was correct in refusing to exclude such evidence and in refusing appellant's post trial motions based on this ground.

Judgment of sentence is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.

DISSENTING OPINION BY WATKINS, J.:

I would reverse and award a new trial. This is another effort by the Pennsylvania Courts to avoid the plain implication of the law as to illegal search and seizure as laid down in *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. 2d 1081. True, the trial in this case was held two weeks before the announcement of this decision but the proper constitutional objections were raised to the introduction of the evidence alleged to be illegally obtained and the court below discussed the *Mapp* case in disposing of the defendant's post trial motions.

Much has been made of the contention that a different standard of reasonableness applies in the search of an automobile on the ground that it can be quickly moved out of the jurisdiction. But as the defendant contends "It cannot be seriously argued that the facts of this case are analogous to those cases where the requirements of 'reasonableness' in arrest or warrant were relaxed. The rule of Flores v. U. S., supra (234 F. 2d 604), and Carroll v. U. S., supra (267 U. S. 153), is one of practicality to be applied in situations where the vehicle might be moved out of the jurisdiction while a warrant was being procured. Is the instant case such a case? There was no fleeing felon—no police in hot pursuit. On the contrary, the police knew the identity of the appellant twenty-four (24) hours before they went to his home and placed him in a cell, before they carried on their search of his car. Under the circumstances, the possibility of the appellant's spiriting

the car away before the police could procure a search warrant was remote and a search warrant should have been obtained."

Most certainly the niceties of procedure should not be used to deprive a citizen of the United States of the protection afforded him by the Constitution of the United States. ". . . rights guaranteed by the Fourth Amendment are indispensable to the full enjoyment of personal security, personal liberty and private property. They are to be regarded as the, '. . . very essence of Constitutional liberty . . .'. It has been repeatedly decided that those Amendments should receive liberal construction, so as to prevent stealthy encroachment upon or gradual depreciation of the rights secured by them, by the imperceptible practice of courts or by well intentioned but mistakenly overzealous officers." *Gouled v. U. S.,* 255 U. S. 298, 65 L. Ed. 647, 41 S. Ct. 261.

The Supreme Court, in the *Gouled* case further said, "We think rather that it is a rule to be used to secure the ends of justice under the circumstances presented by each case, . . . A rule of practice must not be allowed for any technical reason to prevail over a constitutional right."

I find it difficult to follow the reasoning of the court that would require the defendant to remain incarcerated and bring a petition of habeas corpus to raise the question or seek by other means prior to trial to secure the return of the questioned evidence, when such determination at best would constitute interlocutory, unappealable orders and would entail interminable and unconscionable delay. While the objections or motions made during the trial, at the time of the presentation of the evidence, which in many cases will be the first knowledge the defendant has of its possession by the Commonwealth, is simple and direct and the issue can be promptly determined.

FLOOD, J., joins in this dissent.