## Commonwealth ex rel. Griffin v. Cavell

*Anthony Griffin,* p. p., relator.

*James C. Crumlish, Jr.,* District Attorney, for respondent.

CHUDOFF, J., November 14, 1962.—On September 27, 1961, Anthony Griffin, hereinafter referred to as petitioner, along with three other defendants, was tried and convicted in the court of quarter sessions, 1961, charging aggravated robbery and conspiracy. The sentence on bill no. 1426 was for a term of imprisonment at the State Correctional Institution at Philadelphia for not less than one nor more than two years.

On August 9, 1962, petitioner applied for a writ of habeas corpus in the Court of Common Pleas No. 2 of Philadelphia County from his conviction, alleging that his apprehension and arrest were illegal and that his trial was so permeated with trial errors that collectively these errors constituted fundamental error amounting to denial of due process of law.

The Commonwealth filed an answer denying the facts alleged and averring particularly that a petition for a writ of habeas corpus cannot attack the sufficiency of evidence upon which a conviction is based.

We dismissed the petition for writ of habeas corpus on September 18, 1962, after carefully reviewing the petition and answer, but without hearing any evidence.

Addressing ourselves first to the apprehension of petitioner and his co-conspirators, petitioner complains that his apprehension and arrest were illegal because the officers did not have a warrant of arrest in their possession. We disagree.

It is axiomatic that an officer may arrest without a warrant where he has probable cause and reasonable grounds to suspect defendant has committed a felony: Commonwealth v. Czajkowski, 198 Pa. Superior Ct. 511, 515 (1962); Commonwealth ex rel. Bandi v. Ashe, 367 Pa. 234, 238, 80 A. 2d 62; Commonwealth ex rel. Miller v. Myers, 187 Pa. Superior Ct. 565, 568, 146 A. 2d 145; Draper v. United States, 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327. Under the circumstances ob-

served by the police, including the presence of petitioner at the scene and time of the robbery, the officers clearly had probable cause and reasonable grounds to arrest petitioner without a warrant.

Petitioner's remaining arguments relate to the insufficiency of the Commonwealth's evidence and to certain errors alleged to have been committed during the course of the trial.

In Commonwealth ex rel. Ashmon v. Banmiller, 391 Pa. 141, 137 A. 2d 236, the Supreme Court, speaking through Chief Justice Jones, said at page 144:

". . . The remedy for trial error is by motion for new trial followed, if necessary, by an appeal. We, as well as the Superior Court, have frequently recognized that a habeas corpus petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial: Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124, 126, 75 A. 2d 593; Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271, 273, 124 A. 2d 163; Commonwealth ex rel. Jones v. Day, 181 Pa. Superior Ct. 37, 39, 121 A. 2d 896; Commonwealth ex rel. Ruger v. Day, 176 Pa. Superior Ct. 479, 482, 108 A. 2d 818; Commonwealth ex rel. Cobb v. Burke, 176 Pa. Superior Ct. 60, 63, 107 A. 2d 207; Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397 . . ."

However, where the record shows a trial or sentence which was so fundamentally unfair as to amount to a denial of due process, or that some basic fundamental error was committed which deprived defendant of one of his constitutional rights, relief may be sought by habeas corpus: Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 347, 106 A. 2d 587; Commonwealth ex rel. Herman v. Claudy, 350 U. S. 116, 118; Palmer v. Ashe, 342 U. S. 134. As to what constitutes

denial or violation of due process of law, see Townsend v. Burke, 334 U. S. 736; United States ex rel. Smith v. Baldi, 344 U. S. 561; Brown v. Allen, 344 U. S. 443; Speller v. Allen, 344 U. S. 443; Daniels v. Allen, 344 U. S. 443; Watts v. Indiana, 338 U. S. 49; Turner v. Pennsylvania, 338 U. S. 62; Harris v. South Carolina, 338 U. S. 68; Chambers v. Florida, 309 U. S. 227; Commonwealth v. Florida, 309 U. S. 227; Commonwealth ex rel. Sheller v. Burke, 367 Pa. 152, 79 A. 2d 654; Powell v. Alabama, 287 U. S. 45.

Under either or both of the aforesaid tests, there is no merit in the applicant's petition.

The principle and real questions which petitioner is now raising in this habeas corpus proceeding were raised by him and were passed upon by the court sitting as a jury, adversely to him after hearing conflicting evidence. The present petition is an attempt to reopen the same questions of fact which were resolved against petitioner by the jury at his trial, and the evidence sought to be introduced in support of the petition is similar in kind to that presented at the trial. It has been repeatedly held that the writ of habeas corpus cannot be used to reexamine matters of fact that were passed on by the jury at the trial: Commonwealth ex rel. Carey v. Montgomery County Prison Keeper, 370 Pa. 604, 88 A. 2d 904.

If the law were otherwise, there would be no finality of any conviction or sentence because the person who is convicted and sentenced could file repeated petitions for a writ of habeas corpus, raising in almost identical language the very issues or matters of fact which were previously decided against him by the jury and/or by our appellate courts and demand, and re-demand, and re-re-demand the right to present testimony to substantiate his allegations. The orderly administration of law, the protection of society, and speedy and impartial justice for all require that the validity and finality of an

issue or of a sentence should not be subject to repeated attack after it has once been judicially settled.

Was a hearing necessary in order to determine the factual issues raised by the petition and answer? The answer to this question is "No", since the facts alleged are refuted by the record or were found adversely to petitioner by the jury.

In Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 96 A. 2d 122, the court said (pp. 494-95) :

". . . where the petition or application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to relief afforded by habeas corpus, a hearing is not necessary. [Citing cases]."

See also Brown v. Allen, 344 U. S. 443.

We find no trial errors, which, singly or collectively, deprive the defendant-petitioner of the fundamentals of a fair trial or any of his constitutional rights.

For the foregoing reasons, the petition for writ of habeas corpus was dismissed.