Opinion by
Woodside, J.,
This is an appeal from the dismissal by the court below of a petition for a writ of habeas corpus brought on several grounds, none of which has any merit.
The petitioner was..sentenced .after pleading guilty on April 13, 1962, to three charges of burglary and larceny. No appeal was taken.
r' Before the pleas were entered, the sentencing judge advised the. defendant-petitioner of his constitutional rights and offered to provide counsel. The following colloquy took place: “The Court: I don’t want you to come back some time later and say you were deprived of the right of counsel. The'Defendant: No sir. I want to get it over with. ... . The Court: You understand that I will make counsel available if you want it. The Defendant:.! understand.” The petitioner now contends that under the United States Supreme Court’s decision *481 in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), counsel should have been provided. Gideon requested counsel, and Ms request was denied. Here tbe petitioner not only failed to ask for counsel but rejected tbe court’s offer to appoint counsel. Gideon v. Wainwright is not applicable where the court offers to appoint counsel and the defendant fails to accept the offer.
The petitioner’s allegations that the “corpus delicti” was not clearly established, that illegally obtained evidence was used against him and that the Assistant District Attorney and the court violated some unspecified constitutional rights are all answered by the fact that petitioner pleaded guilty. See Commonwealth ex rel. Marshall v. Maroney, 198 Pa. Superior Ct. 85, 181 A. 2d 852 (1962).
Order affirmed.