Commonwealth ex rel. Lamborn, Appellant, *v.* Maroney.

Submitted March 17, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Carl W. Lamborn,* appellant, in propria persona.

*Wilson Bucher,* District Attorney, for appellee.

OPINION BY WRIGHT, J., April 14, 1964:

Carl W. Lamborn has appealed from an order of the Court of Common Pleas of Lancaster County dismissing his petition for a writ of habeas corpus. The procedural situation is set forth in the following excerpt from the opinion of President Judge WISSLER for the court below:

"The relator has filed a petition for a writ of habeas corpus alleging that he is unjustly detained in the State Correctional Institution at Pittsburgh, Pennsylvania. A rule was granted to show cause for oral or written argument, returnable Monday, September 16, 1963 at ten o'clock a.m., d.s.t. On June 19, 1963 petitioner was notified by the court of the appointment of Michael J. Perezous, Esq., a member of this Bar, as his counsel who appeared for him at the time of argument on September 16, 1963.

"The relator on June 2, 1961 entered his plea of guilty on a charge of larceny of motor vehicle on an indictment based on Complaint No. 164, March Sessions, 1961, and was sentenced to the Eastern Correctional Diagnostic and Classification Center at the Eastern Penitentiary, Philadelphia, Pennsylvania, to serve not less than two years nor more than four years, and also on June 2, 1961 upon entry of a plea of guilty on a charge of larceny of motor vehicle on an indictment based on Complaint No. 165, March Sessions, 1961, was sentenced to serve not less than two years nor more than four years, this sentence to be consecutive and not concurrent with the sentence imposed on Complaint No. 164, March Sessions, 1961".

On this appeal, as he did in the court below, appellant raises the following four questions: "(1) Was petitioner illegally and unconstitutionally seized by two members of the Lancaster Police Department and removed from the Columbia Police Department; (2) Was petitioner illegally and unconstitutionally transported from Columbia, Pennsylvania to Lancaster, Pennsylvania by two members of the Lancaster Police Department; (3) Was petitioner illegally and unconstitutionally given in to custody and authorities at Lancaster County Prison; and (4) Was petitioner illegally and unconstitutionally denied the right to a hearing and bail throughout his confinement at Lancaster County Prison".

It is at once apparent that the foregoing questions relate to the sufficiency and regularity of the proceedings prior to appellant's indictment and trial. The law is well settled that such questions may not be raised by petition for a writ of habeas corpus: *Commonwealth ex rel. Whalen v. Banmiller,* 193 Pa. Superior Ct. 554, 165 A. 2d 421. See also *Commonwealth ex rel. Peiffer v. Banmiller,* 193 Pa. Superior Ct. 480, 166 A. 2d 324. Our investigation of the original rec-

ord reveals that appellant was represented by competent counsel, Theodore S. Danforth, Esquire, at the time of his pleas of guilty. There was no violation of constitutional rights or lack of due process.

Order affirmed.