**UNITED STATES of America ex rel. Carl W. LAMBORN**

**v.**

**A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.**

**Misc. No. 3146.**

United States District Court
E. D. Pennsylvania.

Feb. 10, 1966.

Carl W. Lamborn pro se.

Wilson Bucher, Dist. Atty., Lancaster County, for the Commonwealth.

VAN DUSEN, District Judge.

This is relator's second petition for a writ of habeas corpus.[1]  Prior to filing

---

1. Commonwealth ex rel. Lamborn v. Maroney, Habeas Corpus Docket No. 5, page 110, Court of Common Pleas of Lancaster County, Pa., petition filed and denied

this second petition, the relator had filed a petition for habeas corpus in the state court and appealed from its denial to the Pennsylvania appellate courts [2] and through the appropriate Federal Courts.[3]

The relator's request at the end of his handwritten petition "prays this Honorable Court grant an evidentiary hearing." [4]

The petition, and the answer filed by the respondent and the District Attorney of Lancaster County, Pa., show that the relator is now confined in the State Correctional Institution at Philadelphia pending the outcome of the ruling on this petition.[5]

The answers and certified copies of the record show that relator was sentenced to the Eastern State Penitentiary on June 2, 1961, by the Court of Quarter Sessions of Lancaster County on an indictment based on Complaint No. 164, March Term 1961, to a term of not less than two nor more than four years, the commitment date being April 10, 1961. On the same day, relator was sentenced on an indictment based on Complaint No. 165, March Term 1961, for a term of not less than two nor more than four years, such sentence to be consecutive to, and not concurrent with, the above sentence. Both indictments charge larceny of an automobile.

The relator on June 2, 1961, in the presence of his court-appointed counsel,[6] pled guilty and was sentenced on that date.

In this petition, the relator raises five contentions, four of which have not previously been raised in the Federal Courts.[7] The contentions asserted by relator are:

A. Relator claims that the court had no jurisdiction to sentence him due to the fact that no preliminary hearing before the Alderman was held.

Judge Wissler, in his opinion of March 30, 1965, states:

"As to the other matters raised by the present petition relating to

on March 30, 1965. This order was affirmed by the Superior Court of Pennsylvania, No. 368, October Term 1965, per curiam, with opinion filed July 19, 1965, and reported in 206 Pa.Super. 711, 211 A.2d 886. Application for allocatur to the Supreme Court of Pennsylvania was denied on September 17, 1965. No. 130–A, Misc. Docket No. 14.

2. Relator filed his first petition June 3, 1963, and a rule was granted for oral or written argument returnable September 16, 1963. Michael J. Perezous, Esq., a member of the Lancaster County Bar, appeared for relator at the time of argument on September 16, 1963. On October 25, 1963, an order denying the petition was filed and the rule was discharged, Commonwealth ex rel. Carl W. Lamborn v. Maroney, Court of Common Pleas of Lancaster County, Pa., Habeas Corpus Docket No. 4, p. 313. This order was affirmed by the Superior Court of Pennsylvania. See Com. ex rel. Lamborn v. Maroney, 203 Pa.Super. 155, 199 A.2d 530 (1964). Application for allocatur to the Supreme Court of Pennsylvania was denied on August 10, 1964. See 203 Pa. Super. xxxii.

3. On August 21, 1964, United States District Judge Rabe F. Marsh, for the Western District of Pennsylvania, denied a petition for a writ of habeas corpus and, on December 2, 1964, denied a petition for a certificate of probable cause (Misc. No. 3555). A petition for a certificate of probable cause was denied by the United States Court of Appeals for the Third Circuit on December 17, 1964, Misc. Record No. 63, and certiorari was denied by the Supreme Court of the United States, Lamborn v. Pennsylvania, 380 U.S. 936, 85 S.Ct. 948, 13 L.Ed.2d 824, October Term 1964, on March 8, 1965.

4. Page 7 of the petition now before this court. This petition was filed November 9, 1965, in the United States District Court for the Western District of Pennsylvania, but was transferred by that court to this court by order of November 23, 1965 (filed in this court November 26, 1965). See, also, Temporary Transfer Authorization, attached to Document 6.

5. See footnote 4 and Document 6.

6. Document 5, paragraph 1.

7. Questions which have been resolved in previous petitions may not be reopened. 28 U.S.C. § 2244.

a hearing in all proceedings it appears from the complaints in which the defendant-petitioner was charged with larceny of Motor Vehicles to Nos. 164 and 165, March Term 1961, the defendant, according to the alderman's return, waived the hearing in both cases to appear in court at the call of the District Attorney. Defendant-petitioner entered his pleas of guilty, being represented by his counsel, Theodore S. Danforth, Esq., a member of this Bar, on Indictments based on Complaints Nos. 164 and 165, March Term 1961, and the question of what he did or did not do prior thereto is not at issue. As there was no jury trial statements or confessions, if any, were not involved." [8]

■ B. The second point raised by the relator is absence of counsel at the time he should have had a preliminary hearing, which relator contends was at "a critical stage" of the proceedings. The preliminary hearing is not a "critical stage" under the facts presented by this record. A critical stage is a point where rights of the defendant must be preserved or irretrievably lost. White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Hamilton v. State of Alabama, 368 U.S. 52, 82 S. Ct. 157, 7 L.Ed.2d 114 (1961). Also, as demonstrated above, relator waived such preliminary hearing [9] and, at the time he entered his guilty plea and at the time he was sentenced on June 2, 1961, he was represented by Theodore S. Danforth, Esq.

■ C. Relator next claims that the form of the indictment is constitutionally deficient in that "there is no

crime * * * defined [by the Pennsylvania legislature] as Larceny of Motor Vehicle." [10] Relator has cited no authority to sustain his position and the court has found none. Also, mere formal defects, such as might be involved in this contention, not affecting the real merits or the jurisdiction of the court, are waived by a failure to raise the question before pleading to the merits, Commonwealth ex rel. Koffel v. Myers, 184 Pa.Super. 270, 133 A.2d 570 (1957). See, also, United States ex rel. Hazen v. Maroney, D.C., 217 F.Supp. 328 (1963).

■ D. Relator's next point is that the Commonwealth failed to establish the corpus delicti. Such proof is not required where defendant enters a plea of guilty. [11]

E. Relator's last point is the claim that his counsel, at the time he entered his guilty plea, did not represent him effectively and such alleged deprivation of effective assistance of counsel was in violation of the Sixth and Fourteenth Amendments to the Federal Constitution.

■ At the hearing held January 25, 1966, relator conceded that he had applied for the Voluntary Defender of Lancaster County to act as his counsel in April 1961 and that he had met with such counsel on at least three occasions prior to entering his plea. On two of these separate occasions, he consulted with such Voluntary Defender (Theodore S. Danforth, Esq.) in the jail prior to the day that the plea was entered. The undersigned accepts the statement of Mr. Danforth that the minimum time which he would consult with the defendant in a case of this type would be 30 minutes at the time of the first inter-

8. The substance of this contention has been determined by the proceedings enumerated in footnotes 1, 2 and 3 above. It is also governed by footnote 7 and by the discussion under B below.

9. See Alderman's returns, filed April 26, 1961.

10. Petition, page 5, paragraph 3.

11. See, also, "The Principal of Corpus Delicti and the Evidence Pertaining Thereto," 39 Temple L. Quarterly 1, at page 47 (1965).

view in jail.[12]  Relator's estimate that he only talked about five minutes to Mr. Danforth in the jail on the first occasion that he consulted with Mr. Danforth is not accepted.  Relator's claim that sufficient attention to his case was not given and that, hence, the effective assistance of counsel was denied, is rejected.

As to relator's contention that counsel was ineffective because he did not move for suppression of the key to one of the stolen cars which the police had taken from his pocket at the time of his arrest, this contention is not supported by the testimony.  Relator conceded that he had been arrested when the police saw him run away from a car which he had been driving and which had become stuck in the snow at Columbia, Pa.  Relator's flight occurred when he first saw the police car approaching.  The police took the relator into custody as soon as they could get to him and had the right to search him incident to the arrest and investigation of his fleeing from the car at the time of the approach of police officers.

Although relator admitted his guilt to two detectives after he had been transferred to the jail at Lancaster, Pa., and before he was represented by counsel, he conceded at the hearing on January 25, 1966, that what he told the detectives was accurate and that his statement had been given voluntarily.

Mr. Danforth was admitted to the bar of the Supreme Court of Pennsylvania in January 1957, having graduated from the University of Pennsylvania Law School.  He has practised actively in the criminal courts of Lancaster County ever since that time, having acted as a Voluntary Defender from the Spring of 1958 until 1963 and as the Public Defender for the past three years.  He had handled approximately 300 criminal cases prior to April 1961, when he represented the relator in connection with his plea of guilty.[13]

The term "effective assistance of counsel" has been discussed in many cases and articles.  See Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 790–793 (D.C.Cir.1958), and authorities there cited.[14]  The court must make an "effective appointment" of counsel, and a procedurally operative appointment of counsel by the court exists if, inter alia, it was made in sufficient time to permit preparation.  The consultation and investigation in this case were more than adequate.[15]

12. Mr. Danforth, in his letter of January 28, 1966, stated that:

"* * * the average time actually spent by the Public Defender with a defendant in the preparation of a guilty plea * * * [is] thirty minutes.  [This] would be my estimate as to that average, and [I] have since found that my predecessors and assistants give the same estimate.

"This, of course, relates to the case where there is no question as to guilt in the mind of the defendant or the attorney, and no unusual decisions to be made or legal questions to be resolved.  The majority of time is spent in gathering facts concerning the individual and his history, so that a constructive plea, putting the defendant's 'best foot forward', can be made to the Court."
See R–1.

13. The Superior Court of Pennsylvania used this language concerning relator's counsel (Mr. Danforth) in Com. ex rel. Lamborn v. Maroney, 203 Pa.Super. 155

at 157–158, 199 A.2d 530 at 531 (1964):
"Our investigation of the original record reveals that appellant was represented by competent counsel, Theodore S. Danforth, Esquire, at the time of his pleas of guilty.  There was no violation of constitutional rights or lack of due process."

14. See Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); cf. In re Ernst Petition, 294 F.2d 556 (3rd Cir. 1961).

15. Powell v. State of Alabama inspired a general rule that assistance of counsel requires adequate consultation and investigation.  "One of the grave dangers inherent in * * * assignments of counsel * * * is that client consultation and trial preparation will be slighted."  "Inadequacy of Trial Defense Representation As A Ground For Post-Conviction Relief in Criminal Cases," 59 Northwestern U. L.Rev. 289, 308 (1964).  For other as-

All the reasons given by relator in support of his contention that he was denied the effective assistance of counsel have been considered and are rejected. It is significant that, although relator had been litigating the sentence imposed in June 1961 for over three years and nine months prior to the filing of the petition in the Common Pleas Court of Lancaster County in March 1965, when this contention was first raised, this claim had never been made by him before.

█ There is attached to this Memorandum a copy of a letter dated January 30, received from relator on February 2, 1966, asking in the alternative for a further hearing or "for permission to file an additional brief in support of his claim that he was deprived of effective assistance of counsel." There was no one in the court room during his hearing other than the court reporter, the Clerk, counsel for the Commonwealth, Mr. Danforth, and the two custodial officers of the Commonwealth who had custody of the relator, with the possible exception of one other person. There was no reason whatever for the relator to be "awe-strickened," as conditions during his hearing were ideally suited to make him feel at ease. If he was not at ease during this hearing, he certainly would not be at ease during any other hearing in this court, since normally there are many other spectators in the court rooms in the Philadelphia United States Court House.

An order is being entered granting relator thirty days within which to file an additional brief in support of his claim that he was deprived of the effective assistance of counsel.

pects of the assistance of counsel at the pre-trial stage, see, also, "Effective Assistance of Counsel," 49 Va.L.Rev. 1531,

1543–6 (1963). See, also, footnote 12, supra, and Mitchell v. United States, supra.