## Commonwealth ex rel. Bozzi, Appellant, *v.* Myers.

Argued March 25, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Vincent A. Cirillo,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *Lawrence M. Aglow,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, April 16, 1958:

Relator was convicted on bill No. 970, April Sessions, 1954, in the Court of Quarter Sessions of Philadelphia County charging unlawful and felonious possession of drugs with an additional averment of previous conviction. See *Com. v. Bozzi,* 178 Pa. Superior Ct. 224, 116 A. 2d 290, allocatur refused 178 Pa. Superior Ct. xxviii; *Com. v. Bozzi,* 169 Pa. Superior Ct. 206, 82 A. 2d 303, allocatur refused 169 Pa. Superior Ct. xxvi. He was sentenced to pay a fine of $2,000 and to serve a term of not less than five years nor more than ten years in the Philadelphia County Prison. Sentence was to be effective from August 19, 1954.

On petition of the acting superintendent of the Philadelphia County Prison relator was transferred, because of the overcrowded condition, to the Eastern State Penitentiary on August 15, 1955, and thence to the State Penitentiary at Graterford on September 26, 1955, as provided by the Act of July 11, 1923, P. L. 1044, as amended, 61 PS §72.

On May 21, 1957, relator filed a petition for writ of habeas corpus in the Court of Common Pleas No. 3 of Philadelphia County. Answers were filed by the ward-

en and the Commonwealth. The petition was dismissed on August 14, 1957; relator has appealed to this Court.

The order of the court below is affirmed on the following portions of the opinion of Judge GRIFFITHS:

"Petitioner does not question the legality of his transfer under the above statute, but alleges that since he was sentenced to the county prison and not a state penitentiary his sentence in a penitentiary is equivalent to a substantially greater period than under simple imprisonment in the county jail.

"In support of his position, petitioner relies on such cases as Commonwealth ex rel. Dennis v. Ashe, 161 Pa. Superior Ct. 540 [55 A. 2d 433] (1947), and Commonwealth ex rel. Holly v. Ashe, 166 Pa. Superior Ct. 599 [74 A. 2d 182] (1950), in which our Superior Court has stated that imprisonment in a state penitentiary is more severe than in a county jail. Nowhere, however, is there authority for the proposition that the court should consider this in recomputing a prisoner's sentence except in cases where a person has been wrongly imprisoned in a penitentiary [when] in fact he should have been confined in a county jail.

"In the instant case petitioner is not illegally confined in the penitentiary at Graterford. Admittedly his transfer there is in accordance with the provisions of the Act of July 11, 1923, P. L. 1044, as amended.

"Petitioner, however, also argues that unless the said Act is administered in the manner he here urges upon us it would be unconstitutional in that it allegedly would make possible the [imposition] of a double standard of punishment for any given amount of time. As an example he cites the transfer of one prisoner to a penitentiary under the Act while another, with an identical sentence, remains in a county prison. This he states would constitute a denial of equal protection of the law.

"We cannot accept this argument. In the first instance we are without power or authority to recompute the petitioner's sentence. Section 4 of the Act expressly forbids us. In part it is as follows:

" 'Effect of transfer on sentence; expense of transfer

" 'Such person or persons as may be so transferred or retransferred shall be subject to the same term of imprisonment as that imposed upon them at the time of sentence under law, as attached to sentence at the time the same was imposed, . . .' 61 PS §75.

"In Commonwealth ex rel. Radziewicz v. Burke, 169 Pa. Superior Ct. 263 [82 A. 2d 252] (1951), a case involving a defendant convicted of receiving stolen goods and sentenced to a county jail and thereafter under the provisions of this Act was transferred to a state penitentiary, our Superior Court held such transfer was authorized in that this Act formed constituent parts of defendant's sentence. The authority granted by the legislature to remove prisoners from one penal institution to another under certain specified conditions and procedures applies to all prisoners equally. The statute does not arbitrarily discriminate in favor of one prisoner and against another. Consequently, it cannot be said to infringe upon the equal protection clause of the 14th Amendment to the United States Constitution. Relator has no vested right to remain in a county prison or have his sentence reduced if he is transferred to a penitentiary in accordance with the Act of Assembly. [See ex parte Neighbors (Okla.) 187 P. 2d 276, 281; Annotation 95 A.L.R. 1455-1461.]"

Order is affirmed.