## Commonwealth ex rel. Stranahan, Appellant, v. Banmiller.

Submitted June 10, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John J. Stranahan,* appellant, in propria persona.

*Harold W. Budding,* Assistant District Attorney, and *William C. Storb,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., September 16, 1959:

This is an appeal from the refusal of the Court of Common Pleas of Lancaster County to grant a writ of habeas corpus to J. J. Stranahan, a prisoner at Eastern State Penitentiary. The court below dismissed the petition on the ground that it raised only questions already disposed of in two previous petitions by the prisoner for writs of habeas corpus which it had refused to grant.

The petitioner was sentenced on May 24, 1953, to the Lancaster County Jail on two charges of larceny for a term of 2 to 4 years. He was released on parole June 22, 1954, after receiving a commutation of the minimum sentence by the Board of *Pardons*. Having committed a new offense while on parole, he was sentenced on February 11, 1955, to imprisonment in a penitentiary for a term of 2 to 4 years, to be computed from the expiration of his back-time on the prior sentence.

He was committed to the penitentiary, and there entered to serve the new term for the latter crime. This was according to the provisions of the Act of August 24, 1951, P. L. 1401, section 5 which provided, inter alia, that "If a new sentence is imposed upon [a convicted parole violator] to be served in any institution other than the one from which paroled, then the service of the new term for the latter crime shall precede the commencement of the balance of the term originally imposed." [1] This provision must be followed even though the sentencing judge directs otherwise. See *Commonwealth ex rel. Harman v. Burke*, 171 Pa. Superior Ct. 547, 554, 91 A. 2d 385 (1952); *Commonwealth ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 162, 149 A. 2d 501 (1959).

---

[1] Amended by the Act of June 28, 1957, P. L. 429, 61 PS §331.21a, which is not applicable to this case.

The Pennsylvania Board of Parole granted the prisoner a parole from his penitentiary sentence on February 7, 1957, to start serving on his prior Lancaster County jail sentence. The warden in charge of the Lancaster County Prison immediately petitioned the Deputy Commissioner of Treatment of the Bureau of Corrections in the Department of Justice to transfer Stranahan to the penitentiary where he had been imprisoned. The Court of Quarter Sessions of Lancaster County gave its consent to the transfer. (The transfer was suggested by the judge while imposing the second sentence). The deputy commissioner ordered the transfer which was made as provided in the Act of July 11, 1923, P. L. 1044, as last amended by the Act of July 29, 1953, P. L. 1449, 61 PS §72. There is no merit to the contention of the petitioner made here that the amendment of 1953 is not applicable to him because his original sentence was imposed prior to its effective date. See *Commonwealth ex rel. Davidson v. Maroney,* 177 Pa. Superior Ct. 82, 85, 87, 110 A. 2d 822 (1955); *Commonwealth ex rel. Wall v. Smith,* 345 Pa. 512, 29 A. 2d 912 (1942); *Commonwealth ex rel. Campbell v. Ashe,* 141 Pa. Superior Ct. 408, 411, 15 A. 2d 409 (1940).

The petitioner contends that having been sentenced to a county jail on the original offense, he cannot be compelled, through transfer under the Act of 1923, as amended, supra, to serve any part of that sentence in a penitentiary. This contention is fully answered in the case of *Commonwealth ex rel. Radziewicz v. Burke,* 169 Pa. Superior Ct. 263, 82 A. 2d 252 (1951), which rules this case. See also *Commonwealth ex rel. Bozzi v. Myers,* 186 Pa. Superior Ct. 42, 140 A. 2d 375 (1958).

Before leaving this contention, however, we might note that this Court said in *Commonwealth ex rel. Dennis v. Ashe,* 161 Pa. Superior Ct. 540, 541, 55 A. 2d

433, that "imprisonment undergone in the penitentiary is equivalent to a substantially greater period of time served under simple imprisonment in the county jail." This statement is traced back to *Clellans v. Commonwealth*, 8 Pa. 223 (1848), which grew out of a riot aimed at releasing slaves being held in the Cumberland County jail for return to their masters in the State of Maryland. The rioters were illegally sentenced to the penitentiary, and released by the Supreme Court after approximately eight months, because that Court deemed the eight months in the penitentiary "as severe a punishment as if they had been confined in the county jail, where they legitimately should have been sent, for two years."

Were we to follow this ancient case, we would be ignoring present day realities. It is admittedly difficult to generalize concerning 67 county prisons and a half dozen state penal institutions. They are all different. We doubt, however, that any person who is familiar with the Commonwealth's present penal system would suggest that it is more severe punishment to serve in a penitentiary than it is in most of the county prisons. The opportunities for religious worship and guidance, medical and psychiatric treatment, education, occupational training, and recreation are generally far more extensive in the penitentiaries than in the county jails. We need only visit the Eastern State Penitentiary and visualize its original construction and contemplate how it was operated in order to learn how true the suggestion of the Supreme Court was *in 1848* that a term in the penitentiary was much more severe than an equal term in a county prison. But penal institutions have changed, too, since riots were caused by slaves being returned to their masters.

Courts must not continue to follow blindly statements made a century ago and based upon conditions

which no longer exist. Law must keep pace with reality.[2]

We are neither ignoring nor criticizing the legislative mandate which still quite properly requires that the more serious offenses, for which the longer terms are generally provided, shall be punishable in the penitentiary, and the less serious offenses, for which the shorter terms are generally provided, shall be punishable in the county prison. The legislature also provides for transfers between these penal institutions. It is the transfers with which we are here concerned.

The petitioner questioned the calculation made by the Board of Parole of the time remaining on his sentence. We have examined the record and if there is any error in the calculation it appears to us to favor the prisoner.[3]

We have disposed of all of the petitioner's contentions, although he had no right to raise them in this

---

[2] Sometimes, when the law fails to adjust to reality, reality adjusts to the law. There is an interesting example associated to the problem here involved. The "new prison erected by the commissioners of the county of Dauphin" *in 1841*, caused the legislature in 1842 to provide that persons convicted in any court of criminal jurisdiction in Dauphin County for a penitentiary offense could thereafter be sentenced to undergo "punishment either in the State penitentiary, or in the Dauphin county prison, at the discretion of the court." The "new prison" grew old—110 years old, but penitentiary cases were being committed to the same "new prison," under the Act of 1842. Finally, the century old "new prison" was replaced by a modern mid-twentieth century prison, and the Act of 1842 again makes sense in Dauphin County. See Act of April 15, 1841, P. L. 189, Act of February 8, 1842, P. L. 12, §10, 19 PS §1021, and Historical Note thereof.

[3] Aside from the major legal problems in the calculation of the time to be served by multiple offenders, there are numerous minor problems. For example, should two prisoners, one serving from February 1 to March 1, and the other serving from March 1 to April 1, both receive credit for 1/12th of a year, or should the one receive credit for 28/365ths of a year and the other for 31/365ths?

426

case. He filed a petition for a writ of habeas corpus in the Court of Common Pleas of Lancaster County on January 20, 1958; a second petition on April 17, 1958; and a third petition on January 16, 1959, all of which were dismissed. He cannot raise here the questions which were raised and decided in the previous actions from which no appeal was taken. *Commonwealth ex rel. Hernandez v. Price*, 385 Pa. 44, 122 A. 2d 206 (1956); *Commonwealth ex rel. Young v. Day*, 180 Pa. Superior Ct. 276, 119 A. 2d 559 (1956); *Commonwealth ex rel. Frey v. Banmiller*, 184 Pa. Superior Ct. 505, 135 A. 2d 816 (1957).

The order dismissing the writ is affirmed.