476

Peiffer Petition.

Submitted September 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

Russell A. Peiffer, appellant, in propria persona.

James R. Whitman, District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 16, 1960:

Russell A. Peiffer, the appellant, is serving his second year of a 6 to 12 year sentence in the State Correctional Institution at Philadelphia, known prior to the Act of October 22, 1959, P. L. 1356, 71 P.S. §301, as Eastern State Penitentiary. His wife, who resides in Lebanon County with their two children, presented a petition to the Court of Common Pleas of that county, praying that the court direct the transfer of her husband to the Lebanon County Jail. The court refused the prayer on the ground it had no jurisdiction to order the transfer. The prisoner appealed. Although he had no standing to appeal from the order made on his wife's petition, we shall follow the district attorney's suggestion and refrain from quashing the appeal.

The prisoner's brief argues that both his and his wife's constitutional rights are being denied by his imprisonment in Philadelphia, because his wife is living in Lebanon County on public assistance and cannot afford to travel to Philadelphia to visit him. A prisoner has no constitutional right to imprisonment near his family, nor does the wife of a prisoner have a constitutional right to have her husband imprisoned in the penal institution most convenient to her.

President Judge RHODES, speaking for this Court in *Commonwealth ex rel. Radziewicz v. Burke,* 169 Pa. Superior Ct. 263, 267, 82 A. 2d 252 (1951) said: "A convict has no constitutional or other inherent right to serve his imprisonment in any particular institution or type of institution. He merely has the right to insist upon compliance with statutory provisions."

There is no doubt that the legislature has exclusive power to determine the penological system of the Commonwealth. *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 587, 28 A. 2d 897 (1942). This includes the power to determine the manner in which prisoners are assigned to and transferred between penal institutions. The legislature created the office of Deputy Commissioner for Treatment in the Bureau of Corrections, and invested in that office the power to assign and transfer prisoners of state penal institutions. See Act of July 29, 1953, P. L. 1428, 71 P.S. §303. The legislature, having designated an executive officer to determine the assignment and transfer of prisoners, intended that the courts should not make such transfers. The court below was correct in holding that it was without legal authority to direct a transfer of the prisoner in this case.

The institution where a particular prisoner can best be rehabilitated depends upon many circumstances. A prisoner may be assigned or transferred to a particular penal institution because he should be separated from companions who may delay his rehabilitation, or because he requires close custody or is entitled to the relative freedom of a minimum security institution, or because he must be protected from his enemies, or because he can receive better treatment for an illness, or because certain prison employment or education should be made available to him, or for an almost unlimited number of other reasons. Of course, the availability of a prisoner's family and other desir-

able visitors is one of the factors to be considered in determining his placement.

Recognizing the problems involved in the determination of prisoner placement, the legislature gave the Deputy Commissioner extensive power to transfer a convict imprisoned in a state penal institution to another state penal institution. See amendment of Act of March 24, 1921, P. L. 48, by the Act of July 29, 1953, P. L. 1437, 61 P.S. §78. See also Act of July 29, 1953, P. L. 1447, 61 P.S. §490 relating to Pennsylvania Industrial School transfers.

The difference between a penitentiary sentence (or a state correctional institution sentence as it might now be called) and a sentence of simple imprisonment in a county jail is not as marked as formerly,[1] but the two sentences have distinct characteristics, and both the legislature and the courts recognize the distinction. Although the legislature gave the Deputy Commissioner almost unlimited power to assign and transfer to state penal institutions prisoners receiving penitentiary sentences, it gave a more restricted right to him to transfer prisoners from state penal institutions to county jails.

The amendment to the Act of July 11, 1923, P. L. 1044, made by the Act of July 29, 1953, P. L. 1449, 61 P.S. §72, authorizes the Deputy Commissioner, upon petition by the warden setting forth that the state penal institution cannot furnish proper and sufficient accommodations for the care, custody, control, and safety of the inmates thereof and requesting that a certain number should be transferred therefrom, to make an order directing the transfer of prisoners designated by the warden to another institution including a county jail.

---

[1] See *Commonwealth ex rel. Stranahan v. Banmiller*, 190 Pa. Superior Ct. 420, 154 A. 2d 307 (1959).

The appellant would like us to pass upon the extent of the Deputy Commissioner's authority under this act, particularly as it might relate to transferring him to the Lebanon County Prison. This would constitute an advisory opinion to the Deputy Commissioner, which we cannot properly give. It is sufficient for us to note that the legislature intended the transfer of prisoners under this provision to be initiated by the prison officials for reasons of prison administration. It did not intend to give prisoners the right to initiate any such transfer. A prisoner has no authority to seek a transfer under this act.

Order affirmed.