Commonwealth ex rel. Phillips, Appellant, *v.* Myers.

Submitted September 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Harry Phillips*, appellant, in propria persona.

*David S. Ammerman*, Assistant District Attorney, and *Eugene G. Kitko*, District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 15, 1962:

This is an appeal from the order of the Court of Common Pleas of Clearfield County refusing a writ of habeas corpus sought by a prisoner now being detained in the State Correctional Institution at Graterford.

The prisoner was transferred to Graterford from the Pennsylvania Industrial School at Camp Hill, to which he was sentenced on July 29, 1958, after pleading guilty to the charge of Receiving Stolen Goods. The prisoner was only 17 years of age at the time of this

sentence, but because of a long history of serious delinquency and prior commitments to institutions, including the Pennsylvania Industrial School, he was sentenced in the court of quarter sessions. The record shows that in imposing the sentence the court said, "It is the recommendation of the court that he be kept there [the Pennsylvania Industrial School] until 21 years of age." He was released, however, by the Pennsylvania Board of Parole on September 23, 1960. See Act of August 6, 1941, P. L. 861, §31, as amended, 61 P.S. §331.31. The following month he was again arrested for receiving stolen goods and sentenced to six months in jail. He was thereafter committed to the Graterford institution as a parole violator, and is now serving the remaining part of the sentence imposed July 29, 1958.

He petitioned for his release on the ground that he was sentenced to imprisonment only until he was 21 years of age and that he is now over that age; on the ground that the sentence was for only 3 years, and he has served all of that time, and on the ground that he is now being confined at the State Correctional Institution at Graterford instead of the Pennsylvania Industrial School at Camp Hill, to which he was sentenced.

His contentions are without merit. Although his original commitment to the Industrial School as a juvenile expired under the Juvenile Court Law[1] when he became 21 years of age, he is not now serving under the juvenile court *commitment,* but under a *sentence* imposed in the court of quarter sessions. This sentence was imposed under the Act of April 28, 1887, P. L. 63, §4, as amended by the Act of June 30, 1951, P. L. 974, §3, and further amended by the Act of July 29, 1953, P. L. 1447, 61 P.S. §§483, 484, 485. It was for a maxi-

---

[1] Act of June 2, 1933, P. L. 1433, §12, 11 P.S. §254.

mum term of five years,—the maximum penalty for the offense for which he was sentenced. See Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4817.

The sentencing judge in the court of quarter sessions lacked statutory authority to limit the sentence to the Pennsylvania Industrial School to the time of the convict's minority (See 61 P.S. §484, supra), and the judge made no effort to limit the sentence to that period. He was merely recommending to the authorities charged with parole that they should not release the prisoner on parole until he became 21 years of age. The sentence was for five years, and the prisoner having been paroled and having violated his parole, can be legally imprisoned until he has served the five year sentence.

The prison authorities have the power to transfer prisoners from the Pennsylvania Industrial School at Camp Hill to the State Correctional Institution at Graterford. *Com. ex rel. Clawges v. Claudy*, 173 Pa. Superior Ct. 410, 98 A. 2d 225 (1953); *Com. ex rel. Reed v. Maroney*, 194 Pa. Superior Ct. 514, 168 A. 2d 800 (1961). See also *Com. ex rel. Stranahan v. Banmiller*, 190 Pa. Superior Ct. 420, 154 A. 2d 307 (1959).

Order affirmed.