# Commonwealth ex rel. Fox, Appellant, *v.* Keenan.

Submitted November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Charles R. Fox,* appellant, in propria persona.

*Louis Abromson, Edward E. Fagan,* and *William Claney Smith,* Assistant District Attorneys, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 12, 1962:

This is an appeal from an order of the court below dismissing the appellant's petition for a writ of habeas corpus. Appellant pleaded guilty to 19 charges of larceny and receiving stolen motor vehicles and 13 charges of burglary. He was sentenced in 1959 on one of the larceny and receiving stolen goods charges to imprisonment in the Allegheny County Workhouse for a period of 2 to 5 years. A similar sentence to run consecutively, was imposed on one of the burglary charges. The sentences on the other charges were suspended.

After serving some time in the workhouse, the appellant was transferred to the State Correctional Institution in Pittsburgh. He objects to the transfer because this action against the Superintendent of the Workhouse was pending at the time of the transfer. The Deputy Commissioner for Treatment of the Bureau of Correction has statutory authority to transfer him, and filing a petition for a writ of habeas corpus does not suspend or void that authority. See Act of July 11, 1923, P. L. 1044, as last amended by the Act of July 29, 1953, P. L. 1449, 61 P.S. §72.

The appellant alleged no facts in his petition that would entitle him to a writ of habeas corpus after his having pleaded guilty to the offenses for which he is now imprisoned. He complains that his arrest was illegal; that there was an illegal search of his apart-

ment; that the indictments on which he was sentenced were invalid and that charges were not made until nine days after he was taken into custody. None of these is a ground for granting a writ of habeas corpus from imprisonment under sentences imposed under the circumstances of this case. *Com. ex rel. Marshall v. Maroney,* 198 Pa. Superior Ct. 85, 181 A. 2d 852 (1962) ; *Com. v. Puntari,* 198 Pa. Superior Ct. 70, 181 A. 2d 719 (1962) ; *Com. ex rel. Ketter v. Day,* 181 Pa. Superior Ct. 271, 124 A. 2d 163 (1956) ; *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 636, 106 A. 2d 843 (1954) ; *Com. ex rel. Kennedy v. Myers,* 393 Pa. 535, 143 A. 2d 660 (1958).

Order affirmed.