**Charles COBB et al.**

v.

**Louis S. AYTCH et al., Appellants.**

**No. 75–2049.**

United States Court of Appeals, Third Circuit.

Argued March 23, 1976.

Decided July 15, 1976.

298

James M. Penny, Jr., Asst. City Sol., Raymond Kitty, Deputy City Sol., Sheldon L. Albert, City Sol., Philadelphia, Pa., for appellants.

Elliot B. Platt, Gregory Paulson, Edmund P. Daley, Ann S. Torregrossa, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs-appellees.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiffs brought this civil rights class action alleging that transfers between county and state prison institutions, initiated pursuant to Pa.Stat.Ann. tit. 61, § 72, are violative of their rights under the first, sixth, eighth, and fourteenth amendments to the Constitution. They sought a declaratory judgment and preliminary and permanent injunctions enjoining defendants from transferring them to state penal institutions outside the County of Philadelphia.

Plaintiffs are former and present inmates of the Philadelphia Prison System who have been transferred or are threatened with transfer to state correctional institutions. Defendants are two officials of the Commonwealth of Pennsylvania—the Attorney General and the Commissioner of Corrections—and three officials of the City of Philadelphia—the District Attorney, Commissioner of Police, and Superintendent of Philadelphia Prisons. The successors in office of various defendants have been substituted as party defendants.

During the pendency of the litigation, plaintiffs and the Commonwealth defendants negotiated a settlement agreement

which was drafted in the form of a consent decree or judgment. Over the vigorous objections of the three city defendants, the proposed judgment was signed by the district judge. The judgment permanently enjoins the Commonwealth defendants from receiving any Philadelphia County prisoners for transfer to state institutions, except transferees who voluntarily consent to the transfer or sentenced prisoners who have been afforded a due process hearing to establish an administrative or punitive reason for transfer.

The three city defendants have appealed, charging that the district court abused its discretion in approving, without hearing and over objection, a consent decree which materially prejudices the rights of non-consenting parties and which was not within the power of the consenting defendants to enter.

Since the consent decree does not formally bind any of the three city defendants, we are confronted at the outset with the issue of whether any or all of them possess the requisite standing to challenge the decree on appeal. *See Utility Contractors Ass'n of New Jersey, Inc. v. Toops*, 507 F.2d 83 (3d Cir. 1974). Plaintiffs urge us to dismiss the appeal as to all three city defendants since the order neither imposes any obligations on them nor interferes with their legal rights. The city defendants argue that they are sufficiently aggrieved to challenge the decree because the decree has removed from the Superintendent of Philadelphia Prisons the authority which the Pennsylvania General Assembly has granted him under the Prison Transfer Act, Pa.Stat.Ann. tit. 61, § 72.[1] That Act, set forth in the margin, authorizes certain county officials, including the Superintendent of Philadelphia Prisons, to petition the Commonwealth's Deputy Commissioner for Treatment of the Bureau of Correction (the "Deputy Commissioner") to transfer inmates from county prisons when the local officials determine that county prisons cannot, by reason of overcrowded condition or other existing conditions, furnish proper and sufficient accommodations for the care, custody and safety of inmates.

As will become evident in our discussion of the merits of this appeal, we

---

1. § 72. *Transfer between institutions; petition and order; consent of common pleas; retransfer*

The Deputy Commissioner for Treatment of the Bureau of Correction in the Department of Justice is hereby authorized and empowered and, upon petition being presented to him by the board of inspectors, if there be such board, otherwise the superintendent or official in charge of any penitentiary, prison, workhouse, house of correction, or other institution for adult prisoners, located within any county, or by the county commissioners of the county in which the institution is located, setting forth that the said penitentiary, prison, workhouse, house of correction, or other institution for adult prisoners, cannot, by reason of overcrowded condition or other existing conditions, furnish proper and sufficient accommodations for the care, custody, control, and safety of the inmates thereof, and that it is requested that a certain number of inmates, set forth in such petition, should be transferred therefrom, may make an order authorizing and directing the said board of inspectors, if there be such board, otherwise the superintendent or official in charge, to transfer to another prison, penitentiary, workhouse, house of correction, or other institution for adult prisoners, such person or persons whom the board of inspectors, if there be such board, otherwise the superintendent or official in charge, shall specify and designate: Provided, however, That before any transfer is made as aforesaid the court of common pleas of the county wherein any such penitentiary, prison, workhouse, house of correction, or any other institution for adult prisoners is located, shall give its consent to such transfer. In the event of the overcrowded condition or other existing condition of such penitentiary, prison, workhouse, house of correction, or other institution for adult prisoners, be remedied, so that it shall again be able to furnish proper and sufficient accommodations for the care, custody, control, and safety of inmates thereof, the Deputy Commissioner is hereby authorized and empowered, upon petition being presented to him by the said board of inspectors, if there be such board, or by the superintendent or other official in charge, or by the county commissioners of the county in which the institution is located, to retransfer to said penitentiary, prison, workhouse, house of correction, or other institution for adult prisoners, any or all inmates heretofore transferred under the terms of this act. As amended 1965, Dec. 22, P.L. 1184, § 2; 1969, July 10, P.L. 150, § 1.

believe that the Superintendent has alleged sufficient injury to his rights under the Prison Transfer Act to permit him to challenge the district court's entry of the consent decree. However, unlike the Superintendent of Philadelphia Prisons, neither the District Attorney nor the Commissioner of Police has any statutory responsibility or authority under the Prison Transfer Act to determine the circumstances under which inmate transfer is desirable. The sole allegation of harm or prejudice suffered by these two individuals in their official capacity is their contention that the consent decree undermines their efforts "to protect inmate witnesses to crimes from harassment, threat, bodily harm and/or death." However, since neither official has any cognizable legal right in the inmate transfer process and since the decree does not otherwise enjoin them from performing any of their lawful duties, we do not believe that the indirect injury which they have alleged is sufficient to confer standing. It is settled law that a party cannot appeal from a decision which is not adverse to him. *Milgram v. Loew's, Inc.,* 192 F.2d 579 (3d Cir. 1951), *cert. denied,* 343 U.S. 929, 72 S.Ct. 762, 96 L.Ed. 1339 (1952). Accordingly, the appeal will be dismissed as to the District Attorney and Commissioner of Police for lack of standing.

We turn next to a consideration of the objections which the Superintendent raises to the entry of the consent judgment. The Superintendent argues that the consent decree interferes, at least indirectly, with his statutory rights to recommend the transfer of prisoners when, in the exercise of his discretion, prison conditions so require. This is so, he contends, because the decree automatically forbids the two Commonwealth defendants from accepting non-consenting transferees which the Superintendent recommends. Plaintiffs, on the other hand, contend that no legal interest of the Superintendent is affected by the decree because (1) the Superintendent's statutory role in the transfer process is advisory only; (2) the Deputy Commissioner is under no legal obligation to accede to transfer requests initiated by county prison officials;

and (3) the consent decree involves the functioning of the Commissioner's office alone.

■ A resolution of the conflict requires us first to examine the statutory framework of the Prison Transfer Act and the effect which the consent judgment has thereon. As previously noted, Section 72 of the Prison Transfer Act vests in county prison superintendents the authority to petition the Deputy Commissioner to accept inmate transferees from county prisons. The power thus conferred is advisory only— the power to recommend transfers and to request their approval. The ultimate discretionary judgment as to the propriety of a transfer rests with the Deputy Commissioner who alone is empowered to approve and to order transfers requested by county officials, subject to the consent of the court of common pleas of the county in which the local prison is located. Nevertheless, it is clear that the Act visualizes an independent exercise of discretion by both parties.

The statutory discretion granted to these individuals is not significantly limited or restricted by any ascertainable standards or guidelines. The county superintendents are authorized to petition for transfers whenever their local prisons cannot, by reason of overcrowded condition "or other existing conditions", furnish proper accommodations for the care, custody, control, and safety of the inmates. With respect to the exercise of discretion by the Deputy Commissioner, the statute simply provides that upon petition by the Superintendent, the Deputy Commissioner "may make" an order authorizing the requested transfer. The sole limitation in this area which formerly existed was a provision in the 1965 Act which prohibited the transfer of prisoners awaiting trial without their consent. Significantly, however, this provision was eliminated by legislation in 1969, thereby removing the only restraint on the Deputy Commissioner's and county superintendents' otherwise broad grant of statutory discretion.

It is clear that the terms of the consent judgment substantially change the provi-

sions of Section 72. With respect to unsentenced prisoners, the judgment requires their consent before any transfer may be approved by the Deputy Commissioner. This condition is contrary to the intent of the Pennsylvania Legislature which, as previously noted, expressly amended the Prison Transfer Act to eliminate such a requirement in 1969. In addition, the consent judgment imposes preconditions on the transfer of sentenced prisoners which are not found in the statute. According to its terms, sentenced prisoners may only be transferred if they consent to the transfer or if an administrative or punitive reason for transfer is established at a prior hearing.

 With this background in mind, we believe that it was impermissible for the district court to approve the consent judgment in its present form over the Superintendent's objections. It is true, as the plaintiffs point out, that the Superintendent's statutory role in the transfer process is advisory only and that he lacks the authority to effectuate transfers without the Commissioner's approval. Nevertheless, we believe that Section 72 clearly contemplates an initial exercise of discretion by the Superintendent in determining whether prison conditions call for the transfer of inmates and if so, which prisoners should be transferred. The effect of the consent judgment is to nullify the Superintendent's exercise of discretion with respect to an entire class of prisoners which the Deputy Commissioner has agreed, in advance, not to approve for transfer. We do not believe that the Commissioner was authorized to agree to, and the court to approve, such a limitation on the statutory discretion of the Superintendent over his objection.

We stress that we deal with the power of the Commissioner to enter into this consent decree over the objection of the Superintendent. We, of course, express no opinion as to the merits of the complaint.[2] Nor need we consider whether the Attorney General is a proper party defendant to this action in view of our conclusions.

The appeals of the District Attorney and the Commissioner of Police will be dismissed. The order of the district court affirming the consent decree will be reversed and the matter remanded for further proceedings consistent with this opinion.

---

2. Thus we need not consider such cases as *Montanye v. Haymes*, —— U.S. ——, 96 S.Ct. 2543, 49 L.Ed.2d —— (1976); *Meachum v.* *Fano*, —— U.S. ——, 96 S.Ct. 2532, 49 L.Ed.2d —— (1976).