439 A.2d 193

COMMONWEALTH of Pennsylvania ex rel. Richard BLACK

v.

SUPERINTENDENT, STATE CORRECTIONAL
INSTITUTION GRATERFORD, Pennsylvania.

**Appeal of Richard BLACK.**

Superior Court of Pennsylvania.

Argued May 27, 1981.

Filed Dec. 29, 1981.

Joseph Scafidi, Assistant Public Defender, Doylestown, for appellant.

Thomas Mundhenk, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

McEWEN, Judge:

The appellant entered a plea of guilty to certain crimes as a part of a negotiated plea agreement which also provided that the District Attorney would make two recommendations concerning the sentence to be imposed, namely, that the period of confinement would be a term of twenty nine and one half months to fifty nine and one half months and that the place of confinement would be the Bucks County Prison. The Common Pleas Court accepted the plea agreement and imposed a sentence for the agreed upon period of time and directed that the sentence be served in the Bucks County Prison. The appellant commenced his term of confinement in the Bucks County Court Prison on May 19, 1980, but on May 23, 1980 the Bucks County Court of Common Pleas approved the request of the Warden of the Bucks County Prison that the appellant be transferred to the State Correctional Institution at Graterford and, as a result, on June 12, 1980, the administrative transfer of the appellant to Graterford was effected.

The appellant filed a petition for a Writ of Habeas Corpus seeking to prevent a transfer from the Bucks County Prison. The lower court dismissed the Petition and denied the requested relief. We affirm.

It seems clear that both the place as well as the terms of confinement were provisions of the negotiated plea agreement; that the District Attorney made both stipulated recommendations to the Court; that the Court accepted those recommendations and imposed a sentence that conformed to the negotiated plea agreement; that the transfer of the appellant from the Bucks County Prison resulted solely from the exercise of discretion by the warden of the Bucks County Prison; that the District Attorney had no part in the transfer; and, that the appellant does not wish

to withdraw his plea of guilty. Rather, the appellant would have the Court direct the warden of the Bucks County Prison to confine the appellant in and only in the Bucks County Prison. Neither the Common Pleas Court nor this Court have such authority. *Commonwealth v. Maute*, 263 Pa.Super. 220, 397 A.2d 826 (1979); *In Re Petition of Peiffer*, 193 Pa.Super. 476, 166 A.2d 325 (1960); See generally, *Commonwealth ex rel. Fox v. Keenan*, 199 Pa.Super. 575, 186 A.2d 447 (1962); *Commonwealth ex rel. Bozzi v. Myers*, 186 Pa.Super. 42, 140 A.2d 375 (1958).

The Courts have always been able to scrutinize in a Habeas Corpus Petition a claim by a prisoner that he is the victim of illegal detainment but the within appeal does not present such an issue since the appellant does not contend the detainment itself is illegal. *Commonwealth ex rel. Codispoti v. Rundle*, 200 Pa.Super. 487, 490, 190 A.2d 153, 155 (1963).

We recognize the principle that a defendant who has entered into a plea agreement may be entitled to the benefit of his bargain. *Commonwealth v. Zuber*, 466 Pa. 453, 459, 353 A.2d 441, 444 (1976); *Commonwealth v. Zakrewski*, 460 Pa. 528, 533, 333 A.2d 898, 900 (1975). This appeal does not present such a situation since the supervision, control and administration of correctional institutions and their prisoners are not matters within the authority of the Courts. The District Attorney carried out the commitments made to the appellant. This appeal does not relate to the bargain. It relates to the administration of correctional institutions.

The Prison Transfer Act,[1] 61 P.S. § 72, addresses the procedure to be followed regarding the transfer and retransfer of prison inmates and provides, inter alia

The Deputy Commissioner for Treatment of the Bureau of Correction in the Department of Justice is hereby authorized and empowered and, upon petition being presented to him by the ... official in charge of any ... institution

---

1. Act of July 11, 1923, P.L. 1044, § 1, as amended by the Act of December 22, 1965, P.L. 1184, § 2; Act of July 10, 1969, P.L. 150, § 1; 61 P.S. § 72.

for adult prisoners, located within any County ... setting forth that said ... institution for adult prisoners, cannot, by reason of overcrowded conditions or other existing conditions, furnish proper and sufficient accommodations for the care, custody, control and safety of the inmates thereof, may make an order authorizing and directing the said ... official in charge to transfer ... such person or persons whom the ... official in charge shall specify and designate: Provided, however, That before any transfer is made as aforesaid the Court of Common Pleas of the County wherein any such ... institution for adult prisoners is located, shall give its consent to such transfer ...

The Opinion of the learned and distinguished Judge Issac S. Garb of the Bucks County Common Pleas Court states:

... The transfer was made for strictly administrative reasons because of conditions which were made a part of the record and of which we take judicial notice. We believe that this was strictly an administrative matter on the part of the prison authority because of severe overcrowding and antiquated and substandard physical conditions of the County prison at a time when the County is faced with a federal law suit to correct those conditions. Considering the extended period of the sentence imposed the administrative transfer was entirely reasonable and understandable ....

Opinion at page 4.

The Bucks County Court, therefore, found that the administrative decision of the Bucks County Prison Warden to transfer the appellant was a proper exercise of discretion and, as a result, provided its consent to such transfer. The conditions precedent having been fulfilled, the Bureau of Corrections was authorized to effect the transfer.

This Court, as well as the U.S. Court of Appeals for the Third Circuit, have reviewed the pertinent Pennsylvania statutes and expressed clearly that the Courts have no authority to order the transfer of prisoners. *Commonwealth v. Maute*, supra, 263 Pa.Super. at 228, 397 A.2d at 830; *In Re Peiffer's Petition*, supra, 193 Pa.Super. at 478, 480, 166 A.2d

at 327, 328; *Cobb v. Aytch,* 539 F.2d 297 (3rd Cir. 1976) cert. denied, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977).

The Order dismissing the Petition for a Writ of Habeas Corpus is affirmed.

WIEAND, J., files a concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

I agree with the majority that the trial court properly refused to order a re-transfer of appellant's person from the State Correctional Institute at Graterford to the Bucks County Prison. Compare: *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2352, 49 L.Ed.2d 451 (1976). The original transfer from the Bucks County Prison was made for administrative reasons, because of overcrowding and the length of the term which appellant had been sentenced to serve, and did not entail misconduct, actual or alleged. The transfer was authorized by and accomplished in accordance with the Act of July 11, 1923, P.L. § 1 as amended, 61 P.S. § 72.

However, appellant's plea bargain contained a provision, accepted by the trial court, that his term of imprisonment would be served at the Bucks County Prison. It is not denied that this provision of the bargain was a material and inducing factor in the entry of appellant's guilty plea. The Commonwealth, therefore, had an affirmative duty to honor the promise pertaining to the place where appellant would be required to serve his term of imprisonment. See: *Commonwealth v. Zuber,* 466 Pa. 453, 458, 353 A.2d 441, 444 (1976); *Commonwealth v. Zakrzewski,* 460 Pa. 528, 533, 333 A.2d 898, 900 (1975).

This bargain was violated when the trial court, four days after sentence had been imposed, approved appellant's transfer to the State Correctional Institution at Graterford. If overcrowded prison conditions prevented the Commonwealth from honoring the benefit for which appellant bargained and which induced him to enter a plea of guilty, then he must be given the opportunity to withdraw his plea of guilty. See: *Commonwealth v. King,* 24 Chester 355 (1976).

I would permit appellant to withdraw that plea of guilty. I would not dismiss his petition for habeas corpus without granting such relief merely because he expressed a preference for the benefit of his bargain rather than rescission and withdrawal of the plea of guilty.