721 F.2d 904
 Bankr. L. Rep. P 69,551
MAIN LINE FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
TRI-KELL, INC.
 No. 83-1174.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 24, 1983.
Decided Nov. 15, 1983.
 
 Donald M. Collins (argued), William J. Barker, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellant, Main Line Federal Sav. and Loan Ass'n.
 Charles C. Coyne (argued), Albert J. Raman (argued), Coyne & Perry, Lester H. Novack, Philadelphia, Pa., for appellee, Tri-Kell, Inc.
 Edward C. Toole, Jr., Howard M. Holmes, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellees, John B. Kelly, Jr., John S. Trinsey, Jr., and Gulph Mills Townhouse Village, Inc.
 Before GIBBONS, GARTH and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 
 
 1
 Main Line Federal Savings and Loan Association ("Main Line") appeals a decision of the District Court for the Eastern District of Pennsylvania in its continuing action against Tri-Kell, Inc. The District Court dismissed as moot an appeal from a Bankruptcy Court's lifting of an automatic stay against Main Line's foreclosure of a lien against Tri-Kell. It did so on the basis of an "Order" filed by the bankruptcy judge while the appeal to the district court was pending, terminating the automatic stay "upon counsel's verification ... that approval of the dismissal or withdrawal of any outstanding appeals from the said Order has been granted by the ... District Court." Main Line contends that this order was invalid since the Bankruptcy Court was divested of jurisdiction as soon as the appeal was filed with the district court, and therefore that the District Court's dismissal of the appeal as moot was erroneous. Tri-Kell disputes this, and contends further that the dispute before us is moot since Main Line is attacking the dismissal of an appeal from an order in its favor. We hold that the action is not moot and that the district court's dismissal was erroneously predicated upon an invalid order of the bankruptcy court. Accordingly, we remand to the district court.
 
 I. FACTS AND PROCEEDINGS BELOW
 
 2
 Tri-Kell, Inc., a Pennsylvania corporation, has been a debtor under Chapter II of the Bankruptcy Act since April 27, 1978. Tri-Kell's sole asset is an unimproved tract of land in Montgomery County, Pennsylvania. Appellee Kelly is President and Chief Executive Officer of Tri-Kell as well as its primary unsecured creditor. Appellee Trinsey is also an unsecured creditor (and, according to Main Line, a former President) of Tri-Kell. Appellee Gulph Mills Townhouse Village, Inc. ("Gulph Mills") a Pennsylvania corporation, is presently the beneficial owner of the tract. Appellant Main Line is a secured creditor of Tri-Kell, and holds a mortgage on the tract.
 
 
 3
 Main Line has been attempting to foreclose on Tri-Kell's mortgage since 1981. Its principal obstacle has been the automatic stay on lien enforcement provided for debtors by Bankruptcy Rule 11-44.[1]
 
 
 4
 On October 22, 1982, the Bankruptcy Court for the Eastern District of Pennsylvania entered an order terminating the stay as of February 1, 1983. App. at 16. The order was based on the purported consent of the two parties to the adversary proceeding. One week after the order was filed, however, Trinsey, Kelly, and Gulph Mills all appealed to the district court, contending that Tri-Kell's original attorney exceeded his authority and entered an order without their consent. Main Line argued that the three parties were strangers to the proceedings and moved to quash the appeal. (Tri-Kell itself joined the appeal much later.) On January 17, 1983, the case record was transferred from the Bankruptcy Court to the District Court. App. at 9. Before the district court could act on the appeal the Bankruptcy Judge issued a further order in response to a motion by Tri-Kell. The order, issued on February 16, 1983, purported to vacate the court's previous order lifting the automatic stay "upon counsels' verification to this court that approval of the dismissal or withdrawal of any outstanding appeals from the said order has been issued by the district court."[2]
 
 
 5
 Armed with the Bankruptcy Judge's order, Tri-Kell, Trinsey, Kelly, and Gulph Mills asked the District Court to dismiss their appeal pursuant to Fed.R.Civ.P. 41(a)(2).[3] App. at 178, 181.
 
 
 6
 On March 3, 1983, the District Court granted their request:
 
 
 7
 [i]t appearing that the Bankruptcy Court has indicated its intention to vacate its Order of October 22, 1982, and it further appearing that said order forms the subject matter of this appeal, it is hereby ORDERED that the Appeals ... are dismissed as authorized by Federal Civil Rule 41(a)(2) as moot.
 
 
 8
 App. at 185.
 
 
 9
 One order has been entered since the decision of the District Court. On June 16, 1983, well after the filing of the appeal by Main Line to this Court, the Bankruptcy Judge issued a "Statement of the Court's Intent." In this document the Bankruptcy Judge declares that his order of February 16, 1983 was entered "inadvertently," and that if the case is remanded back to the bankruptcy court the original order lifting the automatic stay of foreclosure will be reinstated. See Appellant's Reply Brief at "Exhibit A".
 
 II. JURISDICTIONAL ISSUES
 
 10
 Main Line argues on this appeal that the district court's dismissal for mootness was erroneous, since the bankruptcy court's February 16, 1983 order was void for want of jurisdiction. It argues that jurisdiction passed from the bankruptcy court to the district court with the filing of the appeal and that any subsequent order was entered without jurisdiction.
 
 
 11
 Filing a notice of appeal automatically transfers jurisdiction from the district court to the appellate courts. Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883); Hattersley v. Bollt, 512 F.2d 209, 215 n. 17 (3d Cir.1975); Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275, 276-77 (3d Cir.1962); 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice pounds sterling203.11 (2d ed. 1983). It is true that a district court (or a bankruptcy court acting as a district court) retains such jurisdiction as is necessary to aid the higher court in consideration of the appeal. See Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni, 601 F.2d 39, 41 (1st Cir.1979); Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir.1976); First National Bank of Salem, Ohio v. Hirst, 535 F.2d 343, 345-46 (6th Cir.1976). But the bankruptcy court's action in this instance was not in aid of the appellate case. It entered what can only be described as a "conditional judgment," which was to become effective as soon as the higher court had dismissed the action.
 
 
 12
 The appellees argue that the procedure in this case was consistent with appellate practice under Fed.R.Civ.P. 60(b). They cite Smith v. Pollin, 194 F.2d 349, 350 (D.C.Cir.1952), for the proper procedure dealing with post-appeal motions to the lower court:
 
 
 13
 When an appellant in a civil case wishes to make a [Rule 60(b) ] motion ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....
 
 
 14
 Other courts have taken an even more flexible approach. See, e.g., Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni, 601 F.2d 39 (1st Cir.1979) (movant not required to ask circuit court for remand until after district court has indicated willingness to grant Rule 60(b) motion). But these cases are ultimately irrelevant, because the district court did not remand the case but rather dismissed it as moot. In doing so it acted as if the bankruptcy court had already entered a final order. That the February 16, 1983 Order was framed as conditional upon the district court's dismissal does not alter this fact.
 
 
 15
 The procedural morass in this case illustrates the problems created by assertions of concurrent jurisdiction. The parties here remain divided on the validity of the October 22, 1982 order lifting the automatic stay. If the district court is allowed to dismiss the action as moot the bankruptcy court's February 16, 1983 order will be appealed by Main Line and the issue will surface once again in exactly the same form in the district court. The wastefulness of such a result is compounded if we give credence to the "Statement of the Court's Intention" issued by the bankruptcy court during the pendency of this appeal, for if we uphold the district court's ruling that Tri-Kell's appeal is moot the debtor will soon be appealing the order of the bankruptcy court in exactly the same manner as it did in its original appeal.
 
 
 16
 The rule against concurrent jurisdiction is a judge-made rule, and should not be "employed to defeat its purposes or to induce empty paper shuffling." 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice pounds sterling203.11 (2d ed. 1983). But in the case before us application of the rule would promote rather than retard the efficient utilization of the appellate process.
 
 
 17
 Tri-Kell argues on appeal that the appeal was and is moot since neither party was contesting the October 22, 1982 order. But the determination that a case is moot requires that there be nothing gained by reaching a decision.[4] See N.L.R.B. v. Globe Security Services, Inc., 548 F.2d 1115, 1117 (3d Cir.1977) (decision would be "a vain and useless act....") Here, however, our decision will have a real impact on the parties. If we affirm the district court the foreclosure will remain blocked. If we do not affirm it will be more likely to go forward. Under such circumstances we cannot say that the case is moot.
 
 
 18
 Tri-Kell also argues that Main Line was not prejudiced by the district court's decision and thus has no standing to appeal, because if Main Line had quashed Tri-Kell's appeal of the October 22, 1982 order the case would return to the bankruptcy court, where the February 16, 1982 order would still be on record. But this argument is flawed, for the district court's dismissal prejudices Main Line in two different ways.
 
 
 19
 First, if the district court had not dismissed for mootness but had dismissed because it accepted Main Line's contention that Trinsey, Gulph Mill, and Kelly lacked standing to challenge the consent decree then the decision would have been law of the case in further bankruptcy court proceedings.
 
 
 20
 Second, even though the October 23, 1982 and February 16, 1983 orders both concern the identical subject matter, they affect Main Line's fortunes on review in different ways. The district court is engaged in appellate review of the bankruptcy court's factual determinations, and is limited to a search for "clearly erroneous" rulings. See Bankr.R. 810.[5] If it is reviewing the October 22, 1982 decision in Main Line's favor it is intrinsically more likely to produce a decision for Main Line than it would be if it were reviewing the February 16, 1983 decision in favor of Tri-Kell. Even if the February 16, 1983 decision is remanded to the Bankruptcy Court in order to develop a full factual record under Bankr.R. 810,[6] Main Line is in a worse position than it would have been had the district court merely been asked to decide whether or not the October 22, 1982 decision was clearly erroneous.
 
 
 21
 Thus we will reverse the order dismissing the appeal as moot and remand for proceedings consistent with this opinion.[7]
 
 
 22
 GARTH, Circuit Judge, dissenting.
 
 
 23
 The majority has reversed and remanded this matter to the district court for consideration of the merits of the appeal taken by Tri-Kell, Trinsey, Kelly, and Gulph Mills from the October 22, 1982 Order. I believe that disposition to be erroneous because the appeal before us is an appeal by Main Line from the March 2, 1983 Order entered on March 3, 1983. As to that appeal, in my view, although Main Line is styled as an appellant, Main Line was not aggrieved by the entry of the March 2, 1983 Order of the district court. The relevant orders entered by the bankruptcy court and by the district court are reproduced as an appendix to this opinion. Thus, I believe that Main Line's appeal should be dismissed.[1]
 
 I.
 
 24
 The October 22, 1982 Order entered by the bankruptcy court lifted the automatic stay which had prevented Main Line from foreclosing its lien against Tri-Kell. Thus, on entry of that Order, Main Line could proceed with its foreclosure.
 
 
 25
 Appeal was taken from that October 22, 1982 Order by Tri-Kell[2], Trinsey, Kelly, and Gulph Mills.
 
 
 26
 On February 16, 1983, the bankruptcy court vacated the October 22, 1982 Order "upon counsel's verification ... that approval of the dismissal or withdrawal of any outstanding appeals from the [October 22, 1982] Order has been granted by the [district court]." App. 142. This had the effect of once again preventing Main Line from foreclosing its lien against the debtor's property.
 
 
 27
 Main Line thereupon appealed to the district court from the February 16, 1983 Order on March 10, 1983. That appeal is still pending before the district court and has not been resolved by that court. Thus, the majority's prediction that "the bankruptcy court's February 16, 1983 Order will be appealed by Main Line and the issue will surface once again in exactly the same form in the district court," typescript at 8, has already come to pass.
 
 
 28
 On March 2, 1983, the district court dismissed as moot the appeals taken by Kelly, Trinsey, and Gulph Mills from the October 22, 1982 Order[3], following a request by those parties for a dismissal pursuant to Fed.R.Civ.P. 41(a)(2). It did so apparently on the basis that the bankruptcy court's February 16, 1983 Order had vacated the October 22, 1982 Order, even though the February 16, 1983 Order is not mentioned as such by the district court.
 
 
 29
 Thus, with this appeal, Main Line, which did not appeal the October 22, 1982 Order--as it could not, because that Order was in its favor--is now appealing the dismissal of these appeals that had been taken by Trinsey, Kelly, and Gulph Mills from that Order. It is that action that the majority opinion describes as "aggrieving" Main Line.
 
 
 30
 The majority opinion claims that Main Line is prejudiced (which I read as a synonym for aggrieved) by having the district court dismiss the appeals of its adversaries for two reasons: (1) it claims that the issue of Trinsey's, Kelly's, and Gulph Mill's standing will constitute law of the case--even though no order that has been entered deals with their standing; and (2) it holds that Main Line is prejudiced (and therefore aggrieved) because the district court's standard of review would be likely to lead to different results when it reviewed an order in favor of Main Line (the October 22, 1982 Order) than when it reviewed a decision in favor of Main Line's adversaries (the February 16, 1983 Order).
 
 
 31
 I cannot agree that the ephemeral and indirect "prejudice" found by the majority can constitute a basis for holding that an appellant is aggrieved by a particular order when all that such an order accomplishes is to dismiss the appeal of its adversaries. It should be remembered that the March 2, 1983 Order does not vacate the October 22, 1982 Order of the bankruptcy court--which permitted Main Line to foreclose its lien--as it could not. All that order does is to dismiss the appeals which were taken by three adversely affected individuals. To the extent, therefore, that the October 22, 1982 Order afforded to Main Line all the relief that Main Line desired if that Order had remained in effect, Main Line cannot be said to be aggrieved when appeals taken by its adversaries from that Order are dismissed. Particularly is this so when the Order that vacated the October 22, 1982 Order (i.e., the bankruptcy court February 16, 1983 Order) has not been, and could not be, appealed to us. It could not because the February 16, 1983 Order, as I have previously observed, is presently on appeal to the district court.
 
 
 32
 At oral argument, Main Line recognized this fact and this may very well have been one of the reasons why Main Line sought in open court to withdraw its appeal from the March 2, 1983 Order. See note 1 supra. Thus, as the matter now stands, no appeals by Kelly, Trinsey, and Gulph Mills from the October 22, 1982 Order are pending because the district court has dismissed them as moot. Main Line's appeal from the February 16, 1983 Order of the bankruptcy court is pending in the district court and is as yet unresolved before that court.
 
 
 33
 It is therefore clear to me that since Main Line is not, and cannot be, aggrieved by the action taken by the district court in dismissing the appeal of Kelly, Trinsey, and Gulph Mills from the October 22, 1982 Order, Main Line's appeal must be dismissed.
 
 II.
 
 34
 The reader of this opinion may wonder why I have gone to such great pains to dispute the manner in which the majority has disposed of Main Line's appeal. I have done so because I believe that analytically and jurisprudentially the majority opinion is wrong, even though the purposes which it seeks to achieve are laudatory. I can sympathize with the majority's desire to cut through the procedural thicket that has resulted from a proliferation of orders involving the same subject matter but at different levels. Nevertheless, it is my belief that if we ignore the principle that a non-aggrieved party cannot appeal, great mischief and confusion will result in the long-run.
 
 
 35
 Moreover, the prejudice which the majority finds lurking in the district court's dismissal on mootness grounds does not constitute the kind of prejudice required for standing to appeal.[4] I fear that even though the ultimate result in this case may turn out to be the same (i.e., the district court will be obliged to decide whether Main Line should be permitted to foreclose its lien or not), the present holding of the majority opinion with regard to a non-aggrieved party may be cited and relied upon in the future by other parties, none of whom are aggrieved but who may seek to appeal from favorable orders for whatever reason.
 
 
 36
 The law is clear that a party may appeal only if he is aggrieved by the judgment of the district court; a party cannot appeal from a decision which is not adverse to him. See Cobb v. Aytch, 539 F.2d 297, 300 (3d Cir.1976) (indirect injury insufficient to confer standing to appeal); In re Glenn Turner Enterprises Litigation, 521 F.2d 775, 781 (3d Cir.1975). This is so because if the party receives all of the relief sought, he is not aggrieved by a judgment affording such relief. J. Moore, Federal Practice Sec. 203.06 at 3-23 (2d ed. 1974). In this case, Main Line sought the very same relief that the district court has now ordered: Main Line had moved to quash the very appeal that the district court has now dismissed as moot. See note 2 supra. I do not believe that even in the interests of judicial expediency should we sacrifice the cardinal appellate principle that a party who is not aggrieved may not appeal.
 
 III.
 
 37
 I would therefore dismiss Main Line's appeal because Main Line is not an aggrieved party and therefore lacks standing to appeal.
 
 APPENDIX
 BANKRUPTCY COURT ORDER OF OCTOBER 22, 1982:
 
 38
 AND NOW, this 22nd day of October 1982, upon agreement of the debtor and Main Line Federal Savings and Loan Association, through their respective attorneys, it is hereby
 
 
 39
 ORDERED, that the say provisions of Bankruptcy Rule 11-44 with regard to the enforcement by Main Line Federal Savings and Loan Association of its mortgage lien against the property of the debtor be terminated and of no further effect as of February 1, 1983.
 
 
 40
 [Appealed to the district court by Trinsey, Kelly, Gulph Mills on October 29, 1982; see notes 2 & 3, supra, as to Tri-Kell, Inc.]
 
 BANKRUPTCY COURT ORDER OF FEBRUARY 16, 1983:
 
 41
 AND NOW, this 16 day of Feb, 1983, upon consideration of the Motion of the debtor as defendant in this adversary proceeding, and pursuant to the provisions of Rule 60(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 924, and it being deemed in the best interest of the debtor's estate and other affected parties, it is Ordered that
 
 
 42
 (a) the Order of this court entered on October 22, 1982, terminating the automatic stay, effective February 1, 1983, against foreclosure by the plaintiff against the property of the defendant, be and the same is vacated upon counsel's verification to this court that approval of the dismissal or withdrawal of any outstanding appeals from the said Order has been granted by the United States District Court; and
 
 
 43
 (b) the conclusion of the trial of all issues in this adversary proceeding shall be scheduled by the Clerk of this court at a future date.
 
 
 44
 [Appealed to the district court by Main Line; filed March 11, 1983]
 
 DISTRICT COURT ORDER OF MARCH 2, 1983
 
 45
 AND NOW, this 2nd day of March, 1983, it appearing that the Bankruptcy Court has indicated its intention to vacate its Order of October 22, 1982, and it further appearing that said Order forms the subject matter of this appeal, it is hereby ORDERED that the Appeals of John B. Kelly, Jr., John S. Trinsey, Jr. and Gulph Mills Townhouse Village, Inc. from the Order of the Bankruptcy Court entered October 22, 1982 in the above adversary proceeding are dismissed as authorized by Federal Civil Rule 41(a)(2) as moot.
 
 
 46
 [Appealed to this court by Main Line on March 14, 1983]BANKRUPTCY COURT'S "STATEMENT OF THE COURT'S INTENTION"
 
 
 47
 AND NOW, this 21st day of June, 1983, upon further consideration of the Debtor's Motion filed in this Court on January 21, 1983 to Vacate Consent Order and for Further Relief, and upon consideration once again of the Court's Order of February 16, 1983 conditionally granting such Motion, it is hereby stated to be the Court's position and present intention that:
 
 
 48
 (a) the Order of February 16, 1983 was entered by the Court inadvertently;
 
 
 49
 (b) should this case be remanded by the District Court to this Court, the Order of February 16, 1983 will be VACATED and the Consent Order of October 22, 1983 will be REINSTATED:
 
 
 50
 (c) should the Debtor renew its Motion to Vacate Consent Order after the case is remanded to this Court, such renewed Motion will be DENIED.
 
 
 
 [1]
 Since the petition was filed before the effective date of the Bankruptcy Reform Act of 1978, P.L. 95-598, 92 Stat. 2683, it is governed by the provisions of the Bankruptcy Act of 1898, 11 U.S.C. Sec. 1, et seq. (repealed)
 
 
 [2]
 The order was issued pursuant to Bankruptcy Rule 924, which provides for the application of Fed.R.Civ.P. 60(b) to bankruptcy proceedings
 
 
 [3]
 Fed.R.Civ.P. 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."
 
 
 [4]
 The proper disposition when a case becomes moot on appeal is an order vacating the lower court's judgment. The party in whose favor the lower court judgment was entered will be prejudiced, if the case turns out to be not in fact moot, by the order vacating the judgment, since a simple dismissal would leave the judgment res judicata. United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). In this case the district court did not vacate the bankruptcy court's October order. Thus that order remains binding on the parties unless it itself is vacated under Fed.R.Civ.P. 60. Clearly, however, Main Line faces an application for Rule 60 relief
 
 
 [5]
 Bankruptcy Rule 810 provides that the district court "shall accept the referee's findings of fact unless they are clearly erroneous ...."
 
 
 [6]
 Bankr.R. 810 provides for a "remand with instructions for further proceedings."
 
 
 [7]
 We do not hold that the district court must now address the merits of the appeal. The district court may remand to the bankruptcy court for consideration of the Rule 60(b) motion. We simply hold that the district court may not dismiss Main Line's appeal as moot
 
 
 [1]
 Indeed, in oral argument, Main Line itself sought to withdraw its own appeal, but did not do so because of the lack of agreement of counsel. See Fed.R.App.Pro. 42(b)
 
 
 [2]
 Tri-Kell ratified and joined in the appeal of Trinsey, Kelly, and Gulph Mills from the October 22, 1982 Order on February 18, 1983. This gave rise to the argument made by Main Line in its Motion to Quash Appeal dated January 26, 1983 that Trinsey, Kelly, and Gulph Mills had no standing because they were not, in fact, the "debtor."
 
 
 [3]
 The Order itself does not refer to Tri-Kell or its appeal, nor does it dismiss Tri-Kell's appeal. A letter of March 2, 1983 refers to this subject. See App. 181-82. The present record is basically silent as to the appeal filed by Tri-Kell, Inc. from the October 22, 1982 Order, although Tri-Kell's application to the bankruptcy court under Rule 60(b) indicates its intention to join the existing appeal. Because my position that Main Line is not aggrieved by the district court's March 2, 1983 Order is not affected by whatever Tri-Kell has or has not filed, I make no point of the state of the record in this respect
 
 
 [4]
 The bankruptcy court, as the majority opinion notes, did file an apocryphal "Statement of the Court's Intent" which I believe cannot affect this case, whatever its meaning. Appeals can only be taken from an order, not from a "Statement of Intent."